IRAD KELLEY *v.* KELSO & LOOMIS.

The act of Congress, of March 3, 1851, "to limit the liability of ship-owners, and for other purposes," (9 U. S. Stat. at Large 635,) has no retrospective operation, and does not affect contracts made or obligations incurred before its passage.

Statutes affecting substantial interests, and rights of property, have a prospective operation only, unless the contrary intention is clearly expressed.

Whether this act extends to vessels navigating the north-western lakes—*quere.*

THIS is a petition in error, to reverse the judgment of the District Court of Cuyahoga county.

Kelley, the plaintiff in error, was the defendant in the court below, and now assigns for error, that that court overruled the defense he set up upon the facts admitted, and rendered

judgment against him. The facts appear in the opinion of the court.

*C. Stetson*, for plaintiff in error.

*S. B. & F. J. Prentiss*, for defendants in error, cited *Quack-enbush* v. *Dawks*, 1 Denio 128 ; *Hastings* v. *Lane*, 3 Shep. 134 ; *Forsyth* v. *Marbury*, R. M. Charlt. 324 ; *Garrett* v. *Doe*, 1 Scam. 335 ; *Guard* v. *Rowan*, 2 Scam. 499 ; *Steamboat Monarch* v. *Finley*, 10 Ohio 385, 390.

RANNEY, C. J. This action was brought by the defendants in error, to recover for a quantity of coal furnished the steamboat Great Western, of which the plaintiff in error was one of the owners. The coal was furnished, and the cause of action accrued, in the year 1850. About the first of January, 1851, upon proceedings in admiralty instituted in the district court of the United States for the northern district of New York, by the plaintiffs below, and other creditors of the boat, she was sold, and a portion of the proceeds applied upon the debt due to the defendants, leaving a sum still due them, for which they prosecuted this action against the present plaintiff. Upon the trial in the district court, it was admitted that the coal was furnished " without the privity or knowledge of the defendant, except as one of the owners of] said boat " ; and he now insists that, under the provisions of the 3d section of the act of Congress of March 3, 1851, " to limit the liability of ship owners, and for other purposes," (9 U. S. Stat. at Large 635,) he is exempted from any *personal* liability for the debt sought to be recovered.

This section provides, that for certain causes of action therein particularly described, incurred without the privity or knowledge of the owner or owners of any ship or vessel, their liability " shall in no case exceed the amount or value of the interest of such owner or owners respectively, in such ship or vessel, and her freight then pending."

In the 7th section of the same act, it is provided, that "·This act shall not apply to the owner or owners of any canal boat,

barge, or lighter, or to any vessel of any description whatsoever, used in rivers or *inland navigation.*" Counsel for the defendants in error insist that this act can have no application to the present controversy, because, 1st, it does not extend to vessels navigating the north-western lakes, that being, within the meaning of the law, *inland* navigation ; 2d, a liability for supplies furnished the vessel is not within the terms or objects of the section relied upon ; 3d, the debt sued for was contracted before the passage of the act, and is not, therefore, affected by it ; and 4th, that the interest of the plaintiff in error at the time the debt was contracted, not appearing, is presumed to have been sufficient to justify the recovery.

We do not find it necessary to pass upon the several questions thus presented. In the absence of any authoritative exposition of this statute by the courts of the United States, we content ourselves with placing the decision of this case upon a single point, too reasonable in itself, and too well settled, to require any extended comment.

It is clear that this statute was never intended to have a retrospective operation ; and equally clear that, without such an effect is given it, it cannot reach the present case. Long before it was passed, the rights of the parties before us were fixed ; a contract, perfect in form and substance, was made, the obligation of which could not be impaired by any *State* legislation. Whether any such positive restriction is placed upon the legislation of the Federal government, we do not stop to inquire ; although I think it would not be difficult to show that such an interference with private rights, would be an infringement of the inviolability of private property, secured by the fifth amendment to the constitution of the United States. But, as was said by the court in *Quackenbush* v. *Dawks*, 1 Denio 130, " There is nothing in the statute under consideration, which, either in terms or by necessary implication, makes it applicable to the case in hand ; and we ought in decency to conclude that the legislature did not intend it should have the retrospective and unjust effect which is claimed for it by the plaintiff." Viewed in the light of the well settled rule, that statutes affecting substantial interests have only

a prospective operation, unless the contrary intention clearly appears, whatever cases it may include, and whatever may be its extent, it speaks only for the future, and gives fair notice to those dealing with the masters of vessels, of the restricted liability imposed upon the owners. Upon any other construction, it takes away, arbitrarily, and without compensation, a part of the security upon which the defendants had a right to rely, and impairs the obligation of a contract lawfully made, and upon the faith of which they must be presumed to have parted with their property. Irrespective of all constitutional restraints, it is not difficult to see that such legislation is utterly inconsistent with that jealous regard for private rights, for which our institutions have been distinguished; and, in the absence of clear and unmistakable language, it ought never to be imputed to a legislative body. *Steamboat Monarch* v. *Finley*, 10 Ohio Rep. 384.

*The judgment must be affirmed.*