Swing, J.
This cause is in this court on error to the judgment of the court of common pleas. In that court the plaintiff in error brought an action in ejectment against the defendant in error, and on the trial a verdict and judgment was rendered for the defendant. A bill of exceptions was taken embracing all the evidence. A great many errors are assigned for the reversal of the judgment as to the admission and rejection of evidence, but in our opinion it is not necessary to consider these, for the reason that these do not become material under the view that we have as to the rights of the parties in this action.
*219 The judgment should be affirmed.
First. The plaintiff was not entitled to recover, because the undisputed evidence shows that the plaintiff was not entitled to the immediate possession of the property, there being an outstanding title in Brown and others, the state having leased to these persons the property in question for a term of ninety-nine years with the privilege of renewal. This was a valid lease, the state board of public works, under the act of 1866, having been granted this right.
Second, The only evidence offered by the state which supported the claim of the state,was made competent under .the act of the legislature, passed April 12, 1889 (86 O. L., 270). The cause of action existed at that time in favor of the state, and there being no provision in the act that it should apply to causes of action pending at the time, under section 79, Revised Statutes, the act could not apply to this cause of action (C., H. & D. Ry. Co. v. Hedges 44 W. L. B., 336).
But aside from section 79, under the well settled rule of construction that the law is prospective rather than retrospective, this law would not apply to this action. Judge Ranney, in the case of Kelley v. Kelso & Loomis, 5 Ohio St., 198, 201, quotes with approval from 1 Denio, 130, the following:
“There is nothing in the statute under consideration which either in terms or by necessary implication makes it applicable to the case in hand, and we ought in decency to conclude that the legislature did not intend it should have the retrospective and unjust effect which is claimed for it by the paintiff. ’’
And even if it could be held to apply, we are of the opinion that it would be in contravention of section 28 of article 2 of the constitution, which provides that “the general assembly shall have no power to pass retroactive laws.”
It is very obvious that the effect of this law is to give to the state as against the person claiming the property in question a very important and material right which it did not possess at the time of the passage of the act, a right which in many cases, no doubt, owing to the difficulty of procuring evidence from a lapse of time, would be conclusive.
J. M. Sheets, Attorney General, and Smith W. Bennett and Scott Bonham, of Counsel for the State.
Peck, Shaffer & Peck and Wm. Worthington, contra.
Third. We are of the opinion that the act in question, if held to apply to this cause of action, would be in contravention of section 19 of the bill of rights, which says, “Private property shall ever be held inviolate.” Judge Ranney, in the case above quoted, speaking of a retroactive law, says: “Although I think it would not be difficult to show that such an interference with private rights would be an infringement of the inviolability of private property. ”