Stewart et al., Appellants, *v.* Trumbull County Board of Elections et al., Appellees.

(No. 72-673—Decided May 23, 1973.)

130

*Mr. Frank R. Bodor* and *Mr. Calvin J. Woodward,* for appellants.

*Mr. John K. Mahaney, Mr. John L. Pogue* and *Mr. John T. Milligan,* for appellees.

O'NEILL, C. J. Appellants cite two propositions of law to this court. In the first, appellants argue that the terms "residence district," as used in R. C. 4301.32, and "residential district," as used in R. C. 4305.14, limit the local option privilege to districts comprised of two or more contiguous precincts which are primarily residential in character. They argue that more than 50 percent of the land area in each precinct comprising the district must be devoted to residential purposes.

In the second, appellants argue that R. C. 4301.32(B), and paragraphs one and two of R. C. 4305.14 "* * * are unconstitutional on the grounds that the statute [*sic*] is void of legislative enactment lacking adequate standards or guidelines for determining uniformly the meaning of a residential district."

This court has not previously interpreted the terms "residence district" or "residential district," as they are used in R. C. 4301.32 and 4305.14. In interpreting those terms, the court must apply the ordinary principles of statutory construction in order to ascertain the legislative intent. That intent is primarily determined from the language of the statute itself. See, *e. g., Katz* v. *Dept. of Liquor Control* (1957), 166 Ohio St. 229, 232, 141 N. E. 2d 294. If the statute is determined to be ambiguous, the Revised

Code provides additional tests for determining legislative intent. See R. C. 1.47 and 1.49.

R. C. 4301.32 provides:

"The privilege of local option as to the sale of intoxicating liquors is hereby conferred upon the electors of the following districts:

"(A) A municipal corporation;

"(B) A residence district in a municipal corporation consisting of two or more contiguous election precincts, as defined by the petition authorized by Section 4301.33 of the Revised Code;

"(C) A township, exclusive of any municipal corporation or part thereof located in such township."

Even a cursory examination of R. C. 4301.32 reveals that the General Assembly intended that there be three entities, termed "districts," which are entitled to local option, *viz.*, a municipal corporation, a residence district, or a township exclusive of any municipal corporation. The court is here concerned with the second of these local-option "districts."

Appellants contend that the word "residence," as used in R. C. 4301.32, refers to the character of the local option district, and that the term "residence district" is unconstitutionally vague and ambiguous. However, an examination of the term within the context of the statute puts that argument to rest.

The statute itself fully defines and circumscribes the term "residence district." It unambiguously prescribes the location ("in a municipal corporation") and the size and form ("two or more contiguous election precincts"), as well as the rights ("privilege of local option") of a residence district. The statute makes no reference to the character of the district, nor can an intent to make such reference be reasonably inferred from the statutory language.

For the purposes of R. C. 4301.32 it is apparent that a "residence district" may be, and in fact is, defined as a district, within a municipal corporation, which consists of

two or more contiguous election precincts. Further, a residence district is a political subdivision, just as are townships or municipal corporations, created for the limited purpose of local option. In this connection, it does not matter what percentage of the land is zoned residential, whether it contains private residences or apartments, or what percentage is zoned for or devoted to commerical, industrial or other nonresidential uses.

The meaning of the term "residential district" is, however, not so easily gleaned from an examinatioon of R. C. 4305.14. The first paragraph of that statute reads:

"As used in this section, 'residential district' means any two or more contiguous precincts in the residential portion of a municipal corporation."

Although R. C. 4305.14 prescribes the size and form ("two or more contiguous precincts") with clarity, some ambiguity arises as to the location of a "residential district." It is apparent that the location must be within a municipal corporation, but the phrase "in the residential portion" is somewhat unclear from a reading of the statute alone. However, the General Assembly, as previously noted, has provided certain presumptions and rules of construction to aid in the interpretation of ambiguous statutory language.

R. C. 1.47 provides, in part:

"In enacting a statute, it is presumed that:
" * * *

" (C) A just and reasonable result is intended * * *."

Applying the presumption that a just and reasonable result is intended, it is apparent that appellants' interpretation of R. C. 4305.14 is not viable. To interpret that statute as requiring that more than 50 percent of the land area of each precinct be used for residential puropses would be manifestly unjust to those precincts which fall short of such an arbitrary standard. These latter precincts, although perhaps containing a substantial number of residences, and obviously containing the requisite number of electors to constitute a precinct, would be left powerless to

control the influx of taverns into their local environment, although neighboring precincts, municipal corporations and townships would have this right.

The present case demonstrates the injustice of the interpretation which appellants seek. Precinct J in Ward 5 contains 63.81 acres, labeled by appellants as residential, and 70.17 acres labeled as nonresidential. These designations are not based upon zoning, but upon land use. The nonresidential portion, according to appellants, is further subdivided as follows: 16.82 acres, vacant land; 28.21 acres, public land (churches, schools, government land, etc.); 25.12 acres, industrial and commercial. Under appellants' interpretation, this precinct would be prevented from choosing whether to be wet or dry.

Appellants' interpretation is also unreasonable. The administrative burden of ascertaining whether a particular precinct conformed to the standard is too great.

Reading R. C. 4305.14 in *pari materia* with R. C. 4301.-32 gives a clear picture of the legislative intent. Both statutes have a similar purpose. The former gives the local option for beer, the latter for intoxicating liquors. Both designate that municipal corporations and townships exclusive of municipal corporations have local option. Both were originally enacted in 1933, R. C. 4305.14 becoming effective a few months later than R. C. 4301.32, and both read substantially the same as when they were originally enacted. Both statutes intend the same result, *viz.*, that a portion of a municipal corporation consisting of two or more contiguous precincts should have the privilege of local option.

For the forgoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.