**The STATE of Ohio, Appellee,**

**v.**

**EAST, Appellant.**

[Cite as *State v. East* (1994), 93 Ohio App.3d 289.]

Court of Appeals of Ohio,
Van Wert County.

No. 15-93-15.

Decided April 12, 1994.

*Eva J. Yarger,* Van Wert County Special Prosecuting Attorney, for appellee.
*Martin D. Burchfield,* for appellant.

---

EVANS, Judge.

This is an appeal by Robert East from a judgment of the Court of Common Pleas of Van Wert County convicting him of nonsupport of dependents in

violation of R.C. 2919.21(A)(2).[1]

On August 6, 1993, Robert East was indicted for failing to provide adequate support for his three minor children. The indictment stated that appellant's failure to support included a total accumulated period of twenty-six out of one hundred and four consecutive weeks, and was a felony of the fourth degree. In returning a guilty verdict against appellant the jury also made the specific finding that appellant did in fact fail to provide support for twenty-six out of one hundred and four consecutive weeks. Appellant was sentenced to a prison term of one year, which was suspended. Appellant was then placed on probation for three years.

From this judgment appellant appeals, asserting one assignment of error:

"The trial court improperly allowed maintenance and eventual conviction of a felony charge for non-support of dependents where there had not been a previous court finding that the defendant-appellant had failed to provide support pursuant to R.C. 2919.21(A)(2) for a total accumulated period of twenty-six weeks out of the preceding one hundred and four consecutive weeks prior to the date of indictment and during the period covering the indictment."

Appellant contends that in order for a charge of nonsupport to be a felony pursuant to R.C. 2919.21(E), the state must allege and prove there was a prior conviction of failing to support for a period of twenty-six weeks. We disagree.

R.C. 2919.21(E) provides:

"(E) Whoever violates division (A) of this section is guilty of nonsupport of dependents, a misdemeanor of the first degree. If the offender previously has been convicted of or pleaded guilty to a violation of division (A)(2) of this section or there has been a court finding that the offender has failed to provide support under division (A)(2) of this section for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive, then a violation of division (A)(2) of this section is a felony of the fourth degree. * * * "

This section imposes a more severe sanction on repeat offenders and offenders who fail to provide support for an extensive period of time. Otherwise the offense is a misdemeanor. To enhance the offense from a first degree misdemeanor to a fourth degree felony, this section requires either that the offender

---

1. R.C. 2919.21(A)(2) reads in pertinent part:

"(A) No person shall abandon, or fail to provide adequate support to:
" * * *
"(2) His or her legitimate or illegitimate child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one[.]"

have a prior conviction *or* there be a specific finding that the offender failed to support his children for a period of twenty-six weeks. *State v. Bale* (Dec. 7, 1993), Delaware App. No 93CAA1001, unreported, 1993 WL 535450. See, also, *State v. Lizanich* (Mar. 22, 1994), Franklin App. No. 93AP–1087, unreported, 1994 WL 97197.

Appellant cites *State v. Messer* (1992), 62 Ohio Misc.2d 232, 597 N.E.2d 568, where the Court of Common Pleas of Wood County reviewed the legislative history of R.C. 2919.21(E) and concluded there had to be a prior court finding of nonsupport for a period of twenty-six weeks in order for the enhancement provision to be triggered. We disagree with this interpretation.[2] The wording of the statute does not require a prior judicial determination of failing to support for a period of twenty-six weeks. The intent of a statute is to be primarily determined from the language of the statute itself. See *Stewart v. Trumbull Cty. Bd. of Elections* (1973), 34 Ohio St.2d 129, 130, 63 O.O.2d 227, 227, 296 N.E.2d 676, 677. The court's finding that the defendant failed to provide support for twenty-six weeks does not have to be a prior adjudication. It is sufficient for this finding to be made on the facts of the case before the court at the time. *State v. Cole* (Mar. 23, 1994), Hamilton App. No. C–930280, unreported, 1994 WL 91174. In the present case, the jury made such a finding and appellant was properly convicted and sentenced for the felony violation.

The assignment of error is not well taken.

Having found no error prejudicial to the appellant herein in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.

---

2. We note that the Sixth District Court of Appeals also interpreted the wording of R.C. 2919.21(E) contrary to *Messer* in *State v. Sanders* (May 1, 1992), Wood App. No. 91WD109, unreported, 1992 WL 89616.