OPINION
Defendant Thomas E. Gordon II appeals two separate judgments of the Court of Common Pleas of Union County revoking his probation and imposing a sentence of eighteen months confinement by the Department of Rehabilitation and Correction. Because the two judgments address the same issues, we have consolidated them for our review.
On March 21, 1997, defendant was indicted by the Union County Grand Jury for one count of Criminal Nonsupport of Dependants in violation of R.C. 2919.21(A)(2). On June 3, 1997, the defendant appeared before the Union County Court of Common Pleas and entered a guilty plea to the charge. The court accepted the plea and referred the case to the Union County Adult Parole Authority for a presentence investigation.
On August 1, 1997, the court sentenced the defendant to a term of 1 year incarceration with the Department of Rehabilitation and Correction, but suspended the sentence and placed the defendant on probation for five years. The defendant did not appeal this sentence. However, on January 12, 1998, defendant's probation officer filed a statement of alleged violations. The trial court held a probation violation hearing on January 14, 1998, at which defendant was not represented by counsel. The court determined that the defendant had violated the conditions of his probation, "vacated" the August 1, 1997 sentence, and ordered the defendant remanded to the custody of the Department of Rehabilitation and Correction:
 It is hereby ordered that the previous sentence entered by this Court on the 1Bst day of August, 1997 and journalized by this Court on the 1Bst day of August, 1997 is vacated and the Defendant is ordered confined to the Department of Rehabilitation Corrections for a term of 1 year on Nonsupport of Dependants in violation of Ohio Revised Code Section 2919.21(A)(2), a felony of the fourth degree.
On March 4, 1998, defendant's counsel filed a motion for judicial release, which was overruled by the trial court on March 5, 1998. On May 20, 1998, defendant's counsel filed a second motion for judicial release, which the trial court overruled on May 22, 1998.
On October 7, 1998, defendant's counsel filed a motion for rehearing on defendant's probation violation, based on the trial court's failure to inform the defendant of his right to counsel at the probation violation hearing, and the trial court granted that motion on October 8, 1998.[1]
On October 22, 1998, the court conducted a second hearing on defendant's alleged probation violations. Although defendant admitted to two violations of his probationary conditions, he denied the remainder and further alleged that he had not received proper notice of all of the alleged violations. The trial court took no testimony, but determined that the defendant had violated his probation and ordered defendant remanded to the Department of Rehabilitation and Correction for 1 year, with credit for time served. The record reveals that the court did not make any sentencing findings at the hearing. Defendant filed an appeal of the court's judgment on November 16, 1998, which was assigned Union App. No. 14-98-52.
On November 25, 1998, defendant filed a third motion for judicial release. The court scheduled a hearing on this motion for December 18, 1998. At the hearing, the court overruled the motion for judicial release, but also sua sponte vacated the probation violation sentence it had imposed on October 22, 1998:
 Whereupon, being fully advised, the Court herein vacates the sentence entered by the Court on October 22, 1998 and incorporates the Felony Sentencing Findings which are attached hereto and made a part of this Court's order.
The court proceeded to make sentencing findings pursuant to Amended Substitute Senate Bill 2, apparently in an attempt to comply with our decision in State v. Riley (November 12, 1998), Union App. No. 14-98-38, 1998 WL 812044, at *3-4, and to resentence the defendant. The defendant's attorney objected that the court did not have jurisdiction to resentence the defendant, since the issue had already been appealed, but the court rejected this argument:
 THE COURT: This case is one where he was brought back for resentencing, wasn't it?
MR. DONAHUE: No. That hasn't been determined yet.
THE COURT: Yeah, but it's up at the Court of Appeals.
MR. DONAHUE: The substance of the appeal
 THE COURT: Resentence. Why don't I just resentence him right now? Any reason why I should not? I'll just vacate the previous sentence, and resentence him right now.
 THE DEFENDANT: You've already done that, your Honor. When I was here in October, you did that.
THE COURT: I beg your pardon?
 THE DEFENDANT: You already vacated the previous sentence, and resentenced me, when I was here in October, the 22Bnd.
THE COURT: And resentenced you?
THE DEFENDANT: Yes, you did that, sir.
 THE COURT: Well, yeah. That was on the probation violation, but I didn't make the, I didn't make the additional findings.
* * * *
 THE COURT: In the meantime, I'm going to vacate the order of sentence of October the 22Bnd. I'll vacate that, and at the this time them, is there anything that you want me to consider in sentencing at this point?
 MR. DONAHUE: Not in sentencing, your Honor. I guess for the record we would object to the jurisdiction of the Court to vacate a sentence and entry that is on appeal.
THE COURT: I understand. * * * *.
The defendant filed an appeal from the trial court's decision on this issue, which was assigned Union App. No. 14-98-60. Defendant filed a motion to consolidate his two appeals, and this Court granted that motion on January 26, 1999. Defendant now asserts six errors with the trial court's judgment.
However, before we address defendant's assignments of error, we must begin our analysis by observing that both the parties and the trial court have approached this case with the presumption that this case is governed by Ohio's new sentencing laws, commonly referred to as Senate Bill 2. However, defendant's indictment is ambiguous as to whether defendant was alleged to have violated the current or former version of R.C. 2929.19. The indictment reads, in pertinent part:
 Thomas E. Gordon II on or about January 31, 1997 in Union County, State of Ohio, did abandon or fail to provide adequate support to his legitimate or illegitimate child, Ashley Siders, age 5, date of birth 8/30/91, and the said Thomas E. Gordon II having failed to provide adequate support to said minor child for a total accumulated period of 26 weeks out of 104 consecutive weeks between January 22, 1993 and January 22, 1995. This constitutes the offense of Nonsupport of Dependants in violation of Ohio Revised Code Section 2919.21 (A)(2), a felony of the fourth degree. (emphasis added)
The indictment refers to dates prior to the effective date of Senate Bill 2, and alleges that the offense is "a felony of the fourth degree." However, the indictment also asserts that the offense occurred on January 31, 1997, after the effective date of Senate Bill 2. Cf. State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus. Defendant also signed a journal entry memorializing his guilty plea, which contained the following language:
 I have been advised by the Court that I am charged with the offense of Nonsupport of Dependants in violation of the Ohio Revised Code Section 2919.21(A)(2), a felony of the fourth degree.
It is thus incumbent upon this Court to determine the nature and identity of the offense with which defendant was charged.
The emphasized language from the indictment refers to a requirement that appears in both the pre- and post-Senate Bill 2 versions of the statute. Former R.C. 2919.21 read, in pertinent part, as follows:
 (A) No person shall abandon, or fail to provide adequate support to:
* * * *
 (2) His or her legitimate or illegitimate child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one;
 (E) Whoever violates division (A) of this section is guilty of nonsupport of dependents, a misdemeanor of the first degree. If * * * there has been a court finding that the offender has failed to provide support under division (A)(2) of this section for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive, then a violation of division (A)(2) of this section is a felony of the fourth degree. (emphasis added)
Former R.C. 2919.21.[2] However, the relevant subsection of the statute as amended by Senate Bill 2 made similar conduct (failure to provide support for twenty-six of one hundred four consecutive weeks) a felony of the fifth degree. See R.C.2919.21(G)(1). Both versions of the statute criminalize nonsupport, and both contain an enhancement when nonsupport is specified to have occurred "for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks."
In State v. Bush (1996), 83 Ohio Misc.2d 61, the Miami County Court of Common Pleas denied a motion to amend an indictment to shorten the time period of an alleged violation of R.C. 2919.21. Bush dealt with an indictment that alleged "a violation of the offense of nonsupport * * * from on or about December 9, 1991 through July 12, 1996." The state sought leave to amend the July 12, 1996 to June 30, 1996, the day before Senate Bill 2's effective date. In denying the motion, the Bush court reasoned that "[f]or offenses committed on or after July 1, 1996, this offense was downgraded by Senate Bill 2" and that "[a]n amendment that increases the penalty or degree of the offense changes the identity of the offense." Id. at 63-66 (emphasis added).
While the Bush case dealt with the present distinction in a different context, we believe its reasoning is instructive. The "offense" defendant was charged with is the failure to provide support for twenty-six weeks out of a one hundred four-week period, and it seems plain from the indictment that this offense occurred prior to July 1, 1996, the effective date of Senate Bill 2. Our conclusion is further supported by the fact that the January 31, 1997 date does not appear to be necessary to the indictment.
 Thomas E. Gordon II * * * in Union County, State of Ohio, did abandon or fail to provide adequate support to his legitimate or illegitimate child, Ashley Siders, age 5, date of birth 8/30/91, and the said Thomas E. Gordon II having failed to provide adequate support to said minor child for a total accumulated period of 26 weeks out of 104 consecutive weeks between January 22, 1993 and January 22, 1995.
Even if the January 31, 1997 date is completely removed from the indictment, the indictment still contains all of the essential elements to establish the allegation of an offense under former R.C. 2919.21. Nor does the record provide any indication of the relevance of this date as to the commission of the offense. The 1997 date therefore appears to be surplusage that has no effect on the nature and identity of the offense for which defendant was charged. Accordingly, we conclude that the offense is a fourth degree felony violation of former R.C. 2919.21, and hold that Senate Bill 2 law has no application in this case. See, e.g., State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus.
We now turn to the merits of the instant case. Defendant asserts seven[3] assignments of error with the two judgments on appeal. We have reordered the assignments to facilitate our review in this case.
I. THE COURT ERRED IN FAILING TO GIVE THE DEFENDANT PROPER NOTICE THAT IF HE VIOLATED COMMUNITY CONTROL HE COULD FACE UP TO THREE YEARS IN PRISON.
II. THE COURT ERRED WHEN IT FAILED TO PROPERLY FOLLOW THE SENTENCING GUIDELINES.
V. THE COURT ERRED WHEN IT FAILED TO PROPERLY FOLLOW THE SENTENCING GUIDELINES AT THE THIRD RESENTENCING HEARING ON DECEMBER 17, 1998.
Defendant's first, second and fifth assignments of error all argue that the trial failed to make mandatory findings and give required notice of a possible prison term in accordance with Senate Bill 2 sentencing law. See, e.g., State v. Riley (November 12, 1998), Union App. No. 14-98-38, 1998 WL 812044. However, under pre-Senate Bill 2 law these requirements did not exist. See former R.C. 2929.12(B); former R.C. 2929.13(A); former R.C.2929.51(A)(1). Because we have held that pre-Senate Bill 2 sentencing law governs this case, these assignments of error are not well taken.
III. THE COURT ERRED WHEN IT RESENTENCED THE DEFENDANT WITHOUT JURISDICTION TO DO SO.
Defendant's third assignment of error argues that the trial court lacked jurisdiction at the hearing on December 18, 1998. At that hearing over the defendant's objection, the court purported to vacate the sentence it had imposed on October 22, 1998 and resentenced the defendant. However, defendant had previously filed an appeal of the October 22 sentence, and defendant argues that the trial court lacked jurisdiction to vacate its earlier order or to enter a new sentence.
We agree. The general rule is that once an appeal is perfected, the trial court loses jurisdiction except to take action in aid of appeal. See, e.g., McAuley v. Smith (1998),82 Ohio St.3d 393, 395. In other words, "the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141,146; See also State v. Lett (1978), 58 Ohio App.2d 45. However, an attempt by the trial court to vacate or modify the substantive provisions of a judgment under appeal is directly inconsistent with the appellate court's jurisdiction in the case because it impairs the ability of the appellate court to decide the issue on appeal. See, e.g., State v. Richard (1996),113 Ohio App.3d 141, 143; State v. Manson (May 28, 1999), Union App. Nos. 14-98-50, 14-98-55 14-98-58, at *9-11. Defendant's third assignment of error is sustained and the trial court's journal entry dated December 18, 1998 is vacated.[4]
VI. THE COURT VIOLATED THE DEFENDANTS [SIC] CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW AS PROVIDED UNDER THE US AND OHIO CONSTITUTION AT THE DEFENDANTS [SIC] PROBATION REVOCATION HEARING AND RESENTENCING.
Defendant's sixth assignment of error argues two points. First, defendant contends that the trial court denied him due process of law at the December 18, 1998 hearing when it found him in violation of his probation conditions, since the court had previously vacated the entry containing those conditions. Because we have already determined that the trial court lacked any jurisdiction to proceed on December 18, 1998, we believe this argument is moot.
Second, defendant argues that he was denied due process of law by the trial court's failure to bifurcate his probation violation hearing pursuant to Gagnon v. Scarpelli (1973),411 U.S. 778. However, this court has repeatedly held that the judgment of a trial court revoking probation will not be reversed where two separate hearings have not been held unless the record reveals that the defendant was prejudiced by the failure to hold a preliminary hearing. See, e.g., State v. Miller (1975), 45 Ohio App.2d 301,306. Defendant's brief does not allege that he suffered any prejudice because the court failed to hold a preliminary hearing, and our review of the record has not uncovered any prejudice caused by the court's action. The sixth assigned error is accordingly overruled.
IV. THE COURT ERRED WHEN IT FOUND DEFENDANT HAD VIOLATED A PREVIOUSLY VACATED ENTRY.
Defendant's fourth assignment of error also asserts two arguments. First, it argues that the court erred at the December 18, 1998 hearing when it found that the defendant had violated probationary conditions contained in the August 1, 1997 judgment entry, because the court's judgment entry dated January 14, 1998 had vacated that judgment. Because we have determined that the trial court lacked jurisdiction to enter judgment on that date, we reject this argument pursuant to App.R. 12(A)(1)(c).
However, the defendant also argues that the trial court lacked authority to determine that the defendant had violated his probationary conditions at the October 22, 1998 hearing. The trial court vacated the August 1, 1997 sentencing entry at the January 14, 1998 probation hearing, and defendant contends that he could not be deemed to have violated any probationary conditions contained in the vacated entry.
We disagree. We believe that the court's order vacating the August 1 entry only had only prospective effect, and did not retroactively void the conditions of defendant's probation. Thus, defendant's probationary conditions remained valid for the period between August 1, 1997 and January 14, 1998. Our review of the record of the October 22, 1998 hearing indicates that the violations for which defendant's probation was terminated occurred during the period between August 1 and January 14, while defendant remained subject to the probationary conditions. We therefore believe that the trial court had authority at the October 22 hearing to determine defendant had violated his probation. Moreover, it does not appear that defendant made any objection on this basis in the trial court. For these reasons, defendant's fourth assignment of error is overruled.
VII. THE COURT ERRED WHEN IT FOUND THE DEFENDANT GUILTY OF ALL THE ALLEGATIONS IN THE STATEMENT OF VIOLATIONS OF COMMUNITY CONTROL WHEN THE DEFENDANT ADMITTED TO ONLY TWO.
Finally, defendant asserts that the court improperly found him guilty of five charged probation violations when he admitted to only two violations and the court heard no evidence regarding the other violations. The trial court determined that the defendant had failed to attend a scheduled meeting with his probation officer, had tested positive for marijuana use, failed to complete mandated substance abuse counseling, failed to pay fines and restitution, and had changed his residence without informing his probation officer. Defendant admitted that he had failed to pay fines and restitution and had tested positive for marijuana use. He denied that he failed to attend scheduled appointments and that he had changed his residence. He did not address his alleged failure to complete substance abuse counseling, but his attorney did inform the court that that allegation was not included in the statement of violations provided to the defendant.
 MR. HOLTSCHULTE: Once again, your honor, there are things listed in the entry which I think the Prosecutor made reference to as allegations in the probation violation which were not in the written notice that were [sic] given to Mr. Gordon just prior to the last hearing, and there are four allegations there [.]
No other evidence of violations was presented at the hearing. Although there was no evidence of three of the five violations and defendant was not provided written notice of one of those three violations, the trial court's judgment entry found defendant had violated his probation in all five particulars.
Notwithstanding these apparent errors, we observe that defendant did admit to two probation violations at the hearing. Under pre-Senate Bill 2 probation law, the trial court has significant discretion to enforce its probation orders:
 When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, the judge or magistrate immediately shall inquire into the conduct of the defendant, and may terminate the probation and impose any sentence that originally could have been imposed or continue the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period.
Former R.C. 2951.09. It is our belief that that trial court possessed the authority to reimpose the suspended term for the two admitted violations: failure to pay restitution and the positive marijuana test. However, based on the record before us we are unable to determine whether the trial court would have reimposed the full suspended term for just those two violations as opposed to all five violations.[5] We therefore have no choice but to sustain this assignment of error and remand the matter for the trial court's redetermination of its disposition based on the two violations supported in the record.
In sum, defendant's first, second, fourth, fifth and sixth assigned errors are overruled. Defendant's third and seventh assigned errors are sustained. In Case Number 14-98-60 the trial court's judgment dated December 18, 1998 is vacated. Case Number 14-98-52 is reversed and remanded to the trial court for proceedings consistent with the foregoing opinion.
 Case No. 14-98-52 Judgment reversed and cause remanded.
 Case No. 14-98-60 Judgment Vacated.
BRYANT, P.J., and WALTERS, J., concur.
[1] The court apparently granted the hearing to avoid a possible reversal of defendant's sentence pursuant to this Court's decision in State v. Riley (June 4, 1998), Union App. No. 14-98-1, unreported. In Riley, this Court held that where a court treats a preliminary probation revocation hearing as a final hearing, the probationer is entitled to the assistance of counsel. See also State v. McKnight (1983), 10 Ohio App.3d 312, 314, and State v. Avery (February 12, 1998), Union App. No. 14-98-28, unreported.
[2] The former version of the statute allows the penalty enhancement only if "there has been a court finding" that the offender failed to support for that period. Former R.C.2929.21(E). While the record before us does contain a prior court finding that defendant failed to for the twenty-six week period between September 13, 1995 and March 13, 1996, this time frame does not match the time frame alleged in the indictment. However, in State v. East (1994), 93 Ohio App.3d 289, 291, this Court held:
The wording of the statute [R.C. 2919.21(A)(2)] does not require a prior judicial determination of failing to support for a period of twenty-six weeks. The intent of a statute is to be primarily determined from the language of the statute. * * * * The court's finding that the defendant failed to provide support for twenty-six weeks does not have to be a prior adjudication. It is sufficient for this finding to be made on the facts of the case before the court at the time.
Based on foregoing, we do not believe that the omission of the language regarding a "court finding" in the instant indictment affects our analysis in any significant way.
[3] Defendant's second assignment of error contains a sub-argument, which we have chosen to address as a separate assignment of error.
[4] Because the trial court lacked any jurisdiction over the October 22, 1998 order once defendant had filed an appeal of that order, the trial court's attempt to vacate that order was a nullity. We therefore believe that the October 22, 1998 order remains a final order proper for our review.
[5] Moreover, as to the defendant's admission that he failed to pay restitution, our review of the record indicates that the trial court may have failed to ensure that the defendant was financially able to provide restitution as ordered. We are mindful that it has been held to violate equal protection to revoke probation and imprison a defendant where there is no evidence that probationer willfully or intentionally failed or refused to pay fines and costs or willfully or intentionally failed to obtain employment in order to pay them. See, e.g., State v. Scott (1982), 6 Ohio App.3d 39, 41. However, where the defendant has made no good faith attempt to comply with or seek relief from the trial court's orders, the defendant's equal protection has not been violated. Cf. id. at 41, citing Huggett v. State (1978), 83 Wis.2d 790, 266 N.W.2d 403. Because the record is unclear on the defendant's ability to pay, we believe that the trial court should address that issue upon remand.