[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Repeal the Lorain Cty. Permissive Sales Tax Commt. v. Lorain Cty. Bd. of Elections,* Slip Opinion No. 2017-Ohio-7648.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-7648

THE STATE EX REL. REPEAL THE LORAIN COUNTY PERMISSIVE SALES TAX COMMITTEE ET AL. *v.* LORAIN COUNTY BOARD OF ELECTIONS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Repeal the Lorain Cty. Permissive Sales Tax Commt. v. Lorain Cty. Bd. of Elections,* Slip Opinion No. 2017-Ohio-7648.]

*Mandamus—Writ of mandamus sought to compel board of elections to certify an initiative petition for election ballot—R.C. 5739.021 and 5739.022—R.C. 5739.021(A) prescribes the procedures for a referendum to prevent the imposition of a nonemergency resolution levying or increasing a permissive tax before the resolution is effective—R.C. 5739.022(A) prescribes the procedures for repeal of emergency tax resolutions that have already gone into effect and therefore are not subject to referendum—Writ denied.*

(No. 2017-1181—Submitted September 8, 2017—Decided September 15, 2017.)

IN MANDAMUS.

_____

**KENNEDY, J.**

{¶ 1} In this expedited election matter, relators, Repeal the Lorain County Permissive Sales Tax Committee, Gerald W. Phillips, Curtis Weems, and Jean L. Anderson (collectively, "the committee"), seek a writ of mandamus compelling respondent, Lorain County Board of Elections, to certify an initiative petition for the November ballot. The board of elections has filed a motion to strike one paragraph from the affidavit submitted by Phillips in support of the petition. For the reasons set forth herein, we deny the motion to strike and deny the petition for a writ of mandamus.

*Background*

{¶ 2} On December 14, 2016, the Lorain County Board of Commissioners approved Resolution No. 16-799, which increased the existing sales-tax rate by one-quarter of one percent, effective April 1, 2017. It imposed a similar increase on the county use tax for motor vehicles, watercraft, and outboard motors. Resolution No. 16-799 was not passed as an emergency measure.

{¶ 3} In response, the committee circulated petitions captioned "Petition for Repeal of County Permissive Tax." The body of the petition stated:

> We, the undersigned, electors of the County of Lorain, Ohio respectfully petition that the resolution relative to the levying of an increase in the county permissive sales tax and use tax of one-quarter of one percent (1/4%) pursuant to R.C. 5739.021 and R.C. 5741.021 passed by the Board of Lorain County Commissioners on the 14th day of December, 2016, be submitted to the electors of Lorain County for repeal at the next general election.

{¶ 4} The board of elections determined that the committee had submitted a sufficient number of valid signatures to qualify for the ballot.[1]  The board also concluded that the petition was valid as to its form and contained no legal defects. However, on August 18, 2017, the board voted two to one not to place the petition on the general-election ballot on the grounds that R.C. 5739.022 does not permit an initiative petition to repeal a county permissive tax that was not passed or enacted as an emergency measure.

### Procedural history

{¶ 5} The parties filed briefs, evidence, and stipulations in accordance with the schedule governing expedited election cases in S.Ct.Prac.R. 12.08.  The court also received an amicus brief in support of the committee's position from Ohio Citizens for Honesty, Integrity and Openness in Government Ltd.

### The motion to strike

{¶ 6} As part of its evidentiary submission, the committee submitted an affidavit from relator Phillips.  Paragraph 35 of that affidavit reads:

> On or about 12-21-16 Craig Snodgrass, Lorain County Auditor, wrongfully and unlawfully refused to accept a certified copy of the Referendum Petitions for Resolution No. 16-799, which cause[d] a minimum of a week day delay in the circulation efforts.

On September 6, 2017, the board of elections filed a motion to strike this paragraph as "patently and demonstratively false and scandalous."  The motion included affidavits intended to prove that the committee had attempted to file the wrong document but that the auditor's office had accepted the improper filing anyway.

---

[1] The committee needed 7,782 valid signatures to qualify for the ballot.  The board certified 9,995 valid signatures.

**{¶ 7}** Civ.R. 12(F) permits a court to strike "any redundant, immaterial, impertinent, or scandalous matter" in a pleading. The accusation in paragraph 35 that the auditor acted "wrongfully and unlawfully" is not impertinent or scandalous. Every mandamus petition accuses a government official of unlawful conduct. The worst that can be said about paragraph 35 is that it is immaterial; neither the auditor's alleged refusal to accept the petition for filing, nor the alleged delay in circulating the petition for signatures, contributed to the ultimate rejection of the petition by the board. Most pleadings probably contain information that one party deems relevant, but the other party does not. We do not wish to encourage the practice of filing Civ.R. 12(F) motions over every bit of irrelevant information.

**{¶ 8}** We deny the motion to strike.

*The mandamus petition*

The elements of mandamus

**{¶ 9}** To be entitled to a writ of mandamus, a relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide the requested relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth,* 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13. The sole issue presented by the parties concerns the first element: whether the committee has a clear legal right to have its petition placed on the November ballot.

The law governing initiative petitions

to repeal county permissive sales taxes

**{¶ 10}** A board of county commissioners is authorized to impose a tax upon retail sales by resolution. R.C. 5739.021(A). Counties may also impose storage, use, or consumption taxes on motor vehicles, watercraft, and outboard motors titled in the county. R.C. 5741.021(A).

**{¶ 11}** This case concerns R.C. 5739.022, which provides:

4

> (A)     The question of repeal of either a county permissive tax or an increase in the rate of a county permissive tax that was adopted as an emergency measure pursuant to section 5739.021 or 5739.026 of the Revised Code may be initiated by filing with the board of elections of the county not less than ninety days before the general election in any year a petition requesting that an election be held on the question.  The question of repealing an increase in the rate of the county permissive tax shall be submitted to the electors as a separate question from the repeal of the tax in effect prior to the increase in the rate.

According to the parties, the dispositive issue is the scope of the phrase "that was adopted as an emergency measure" in the first sentence.

{¶ 12} The board of elections argues that the committee's initiative petition was improper because R.C. 5739.022(A) allows repeal of only those county permissive taxes that are passed as emergency measures.  The board reads the phrase "that was adopted as an emergency measure" as modifying *both* "a county permissive tax" *and* "an increase in the rate of a county permissive tax."  Therefore, in the board's view, the committee is attempting to repeal permissive taxes that were not passed as emergency measures, which is not permitted under R.C. 5739.022(A).

{¶ 13} The committee takes a contrary view.  It argues that the phrase "that was adopted as an emergency measure" modifies *only* "an increase in the rate of a county permissive tax."  Under this statutory interpretation, R.C. 5739.022(A) permits an initiative petition to accomplish either of two things: (1) a repeal of a permissive tax in total, whenever and however enacted or (2) a repeal of a tax *increase*, but only if the tax increase was passed by emergency measure.  Thus, the

committee concludes, it has launched a proper repeal attempt against the entire permissive tax.

**{¶ 14}** This statutory dispute is a matter of first impression. When construing the language of a statute, we begin with a familiar objective: a determination of the intent of the General Assembly. *Caldwell v. State*, 115 Ohio St. 458, 466, 154 N.E. 792 (1926). The intent of the General Assembly must be determined primarily from the language of the statute itself. *Stewart v. Trumbull Cty. Bd. of Elections*, 34 Ohio St.2d 129, 130, 296 N.E.2d 676 (1973). When a statute is unambiguous, we apply it as written. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996).

**{¶ 15}** The parties dispute whether it was the intention of the General Assembly in R.C. 5739.022(A) to permit an initiative petition on any permissive tax or on only those permissive taxes enacted by an emergency measure. To answer the question, however, the provision cannot be viewed in isolation. *See D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 19. Rather, it must be considered as part of a statutory scheme for the levying and collecting of taxes. *See* R.C. 5739.02 et seq. Under the scheme, when a board of county commissioners adopts a nonemergency resolution levying or increasing a permissive tax, R.C. 5739.021(A) provides for the filing of a petition for a referendum prior to the effective date of the resolution. *See* R.C. 305.31 to 305.41. R.C. 5739.022(A), in turn, prescribes the procedures for repeal of emergency tax resolutions that have already gone into effect and thus aren't subject to referendum.

**{¶ 16}** As set forth above, we deny the motion to strike. The parties stipulated that the county commissioners did not adopt the permissive tax on an

emergency basis. Therefore, R.C. 5739.022(A) does not provide the clear legal right to the relief sought. Therefore, we deny the writ of mandamus.

Writ denied.

O'DONNELL, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'CONNOR, C.J., concurs in judgment only, with an opinion.

O'NEILL, J., concurs in judgment only.

_____

**O'CONNOR, C.J., concurring in judgment only.**

{¶ 17} I agree with the majority's decisions to deny the motion to strike and the writ of mandamus. But I write to explain why, in my opinion, the court has overreached in its decision.

{¶ 18} The majority opinion concludes that R.C. 5739.021(A) concerns tax resolutions that are not adopted as emergency measures while R.C. 5739.022(A) concerns tax resolutions that are adopted as emergency measures. This is not an issue the court needs to reach.

{¶ 19} Despite any efforts by relators, Repeal the Lorain County Permissive Sales Tax Committee, Gerald W. Phillips, Curtis Weems, and Jean L. Anderson (collectively, "the committee"), to save their initiative petition by claiming that it seeks to repeal the entire tax, the petition speaks for itself. Specifically, it states that "the undersigned * * * petition that the resolution relative to the *levying of an increase in the county permissive sales tax* * * * be submitted * * * for repeal at the next general election." (Emphasis added.) And it is undisputed that the resolution that the Lorain County Board of Commissioners approved was an increase in the tax rate that was not adopted as an emergency measure. Therefore, this mandamus petition concerns an increase in the rate of a county permissive tax that was not adopted as an emergency measure.

{¶ 20} The question the parties put before us is whether the phrase "that was adopted as an emergency measure" in R.C. 5739.022(A) modifies both "a county

permissive tax" *and* "an increase in the rate of a county permissive tax," as respondent, the Lorain County Board of Elections, claims or modifies *only* the latter, as the committee claims. However, the initiative petition did not seek to repeal "a county permissive tax," "an increase in the rate of a county permissive tax that was adopted as an emergency measure," or a county permissive tax that was adopted as an emergency measure. R.C. 5739.022(A), therefore, does not possibly provide for an initiative for the repeal of the resolution at issue in this case under the statutory interpretation offered by either party. Accordingly, the committee did not establish a clear legal right to have the initiative petition certified.

{¶ 21} This court is supposed to reach only those issues necessary for resolution of the claim at hand. *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 18, citing *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections*, 90 Ohio St.3d 238, 242, 736 N.E.2d 893 (2000), and *Egan v. Natl. Distillers & Chem. Corp.*, 25 Ohio St.3d 176, 495 N.E.2d 904 (1986), syllabus. The majority chooses to ignore that canon. The only necessary matter to be determined today is whether the initiative petition would be governed by R.C. 5739.022(A) under the committee's interpretation of that statute. It would not.

{¶ 22} Accordingly, I concur in judgment only.

————————————

Phillips & Co., L.P.A., and Gerald W. Phillips, for relators.

Dennis P. Will, Lorain County Prosecuting Attorney, and Gerald A. Innes, Assistant Prosecuting Attorney, for respondent.

Phillips & Co., L.P.A., and Gerald W. Phillips, in support of relators for amicus curiae, Ohio Citizens for Honesty, Integrity and Openness in Government Ltd.

————————————