THE STATE, EX REL. SWEENEY, APPELLANT, *v.* DONAHUE, TAX COMMR., APPELLEE.

[Cite as State, ex rel. Sweeney, v. Donahue, Tax Commr., 12 Ohio St. 2d 84.]

(No. 40554—Decided December 20, 1967.)

*Messrs. Lucas, Prendergast, Albright & Warren* and *Mr. Rankin M. Gibson,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Charles S. Lopeman,* for appellee.

BROWN, J. The propriety of the holding of the Court of Appeals with respect to the period after November 4, 1959, is not before us, and, therefore, our only concern in this appeal is the period of time from January 16, 1935, until November 4, 1959. When the appellant began working for the state in 1935 the relevant part of the vacation-leave statute, Section 154-20, General Code, read as follows:

"Each employe [sic] in the several departments shall be entitled during each calendar year to fourteen days leave of absence with full pay."

This statute was amended four times before November 4, 1959,* but the language quoted above remained substantially the same. The arguments and reasoning that follow are equally applicable to the quotation above and to these subsequent amendments.

The appellant contends that the use of the words, "shall be entitled," and the absence of language providing for waiver of vacation leave not used during the year acquired mean that the employee acquired an absolute right to vacation leave with full pay. To convert this unused right to vacation leave with pay into severance pay, which is the subject of this action, the appellant relies upon the 1965 amendment of Section 121.161, Revised Code.

Central to the argument of appellant is the assumption that the right to vacation leave permanently survived the year in which it arose, but the statutory language belies this assumption. The words, "shall be entitled," are limited by the subsequent words, "during each calendar year." Under this language the right to vacation leave with pay is not absolute, but rather it exists only during the year in which it arises. This interpretation is supported by the fact that there is no language in the statute suggesting that an employee may accumulate vacation leave from year to year.

Any changes made by the amendment of November 4, 1959,

---

*1938, 117 Ohio Laws 906, 907.
1945, 121 Ohio Laws 393.
1953, 125 Ohio Laws 677.
1955, 126 Ohio Laws 424, 425.

are irrelevant to this appeal, because even if we assume that this amendment did make vacation leave a deferable right convertible into money there is still no indication from the amendment or assertion from the appellant that its policy was to be retroactive. While a statute which impairs only the rights of the state *may* constitutionally be given retroactive effect, *State, ex rel. Dept. of Mental Hygiene & Correction,* v. *Eichenberg,* 2 Ohio App. 2d 274, such effect will not be given in the absence of a clear expression of legislative intention for retroactivity, *Kelley* v. *Kelso & Loomis,* 5 Ohio St. 198.

We find that in none of the versions of the vacation-leave statute having effect over the period from January 16, 1935, until November 4, 1959, does the right to vacation leave with pay survive the year in which it arises. The entire claim for compensation of the appellant is founded upon this right to vacation leave with pay, and if the right itself no longer exists then no valid claim may be founded upon it.

The judgment of the Court of Appeals with respect to the period in question on this appeal is hereby affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.