**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Johnston v. State,* **Slip Opinion No. 2015-Ohio-4437.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4437

JOHNSTON, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Johnston v. State,* **Slip Opinion No. 2015-Ohio-4437.]**

*The 2003 amendment to R.C. 2743.48 expanding the definition of "wrongfully imprisoned individual" to include those able to demonstrate a procedural error occurring subsequent to sentencing that resulted in the inmate's release applies retroactively.*

(No. 2014-0530—Submitted March 11, 2015—Decided October 28, 2015.)

APPEAL from the Court of Appeals for Franklin County,

No. 12AP-1022, 2014-Ohio-1452.

_____

**SYLLABUS OF THE COURT**

The 2003 amendment to R.C. 2743.48 expanded the definition of a wrongfully imprisoned individual to include those able to demonstrate a procedural error occurring subsequent to sentencing that resulted in the inmate's release and applies retroactively to permit litigation of claims on that basis.

_____

**O'DONNELL, J.**

{¶ 1} The issue presented on this appeal is whether Dale Johnston can prosecute a second claim for wrongful imprisonment based on the 2003 amendment to R.C. 2743.48.

{¶ 2} The undisputed facts reveal that a panel of three judges found Johnston guilty of two counts of aggravated murder involving the deaths of his stepdaughter, Margaret Annette Cooper, a.k.a. Margaret Annette Johnston, and her fiancé, Todd Schultz, whose dismembered torsos were found in the Hocking River and whose arms, legs, and heads were buried in a cornfield adjacent to the river. The court sentenced Johnston to death on each count, and subsequently denied Johnston's motion for a new trial asserting inter alia that exculpatory evidence had been withheld by the state. Johnston appealed, and the appellate court reversed the convictions and remanded the case for a new trial. 4th Dist. Hocking No. 412, 1986 WL 8799 (Aug. 6, 1986); 4th Dist. Hocking No. 425, 1986 WL 8798 (Aug. 6, 1986). We affirmed the appellate court and remanded the case, concluding that the trial court had abused its discretion in permitting testimony from a witness whose memory had been hypnotically refreshed and that the outcome of the trial may have been different if the state had disclosed certain items of exculpatory evidence. 39 Ohio St.3d 48, 529 N.E.2d 898 (1988). Following our remand, the state nolled the indictment against Johnston, resulting in his release from the penitentiary, where he had spent more than six years on death row.

{¶ 3} Upon his release from prison, Johnston filed a claim for wrongful imprisonment pursuant to R.C. 2743.48, but the trial court dismissed it in 1993 because he had failed to prove by a preponderance of the evidence that he did not commit the murders, which was the statutory burden imposed upon a claimant at that time. *See* former R.C. 2743.48, Am.H.B. No. 623, 142 Ohio Laws, Part III,

4675; *Ellis v. State*, 64 Ohio St.3d 391, 395, 596 N.E.2d 428 (1992) (stating the burden of proof).

{¶ 4} Two subsequent developments explain the reason we have accepted review of Johnston's second claim for wrongful imprisonment:

> one, Chester McKnight pleaded guilty to the aggravated murder of both Cooper and Schultz, and
>
> two, the legislature amended R.C. 2743.48 and expanded the definition of a wrongfully imprisoned individual to include those released as a result of a procedural error occurring subsequent to sentencing.

{¶ 5} Pursuant to the amended language in the statute, Johnston filed a second claim for wrongful imprisonment, and ultimately, the trial court declared him to be a wrongfully imprisoned individual. The appellate court, however, reversed that decision and held that the amended statute did not apply retroactively to Johnston's alleged injury, which occurred prior to the amendment's effective date. Johnston has appealed that retroactivity ruling to this court.

### Facts and Procedural History

{¶ 6} In September 1983, almost a year after the discovery of the bodies of Cooper and Schultz, a Hocking County grand jury indicted Johnston on two counts of aggravated murder with death penalty specifications. At trial, a three judge panel found him guilty of all charges and specifications and sentenced him to death on each count. The appellate court overturned Johnston's convictions and remanded the cause for a new trial. 4th Dist. Hocking No. 412, 1986 WL 8799; 4th Dist. Hocking No. 425, 1986 WL 8798. We affirmed that ruling because the trial court had abused its discretion in permitting a witness to testify about his posthypnosis recollection and the state had committed a *Brady* violation, *Brady v. Maryland*, 373

U.S. 83, 87, 83 S.Ct. 1194, 10 L.E.2d 215 (1963), by failing to disclose evidence that suggested that the victims may have been murdered at a location different from that alleged by the state and that someone else may have been responsible for the murders. 39 Ohio St.3d 48, 56, 62-63, 529 N.E.2d 898.

{¶ 7} On remand, the Hocking County Common Pleas Court transferred the case to Hamilton County for trial, which then transferred to Franklin County. The parties jointly filed a motion with the trial court to determine the admissibility of the testimony of the witness who had been hypnotized. In response, the court held that the hypnotically refreshed testimony was inadmissible. The court also granted Johnston's motion to suppress statements he had made during an interrogation, along with evidence seized from him and his residence. That suppression ruling was appealed and affirmed by the Tenth District Court of Appeals on May 10, 1990. 64 Ohio App.3d 238, 580 N.E.2d 1162 (10th Dist.1990). The next day, the state nolled the indictment against Johnston, and thereafter, he was released from the penitentiary.

{¶ 8} Subsequently, Johnston filed a wrongful imprisonment claim pursuant to R.C. 2743.48, but the common pleas court dismissed it in 1993, concluding that Johnston had not proved by a preponderance of the evidence that he did not commit the murders.

{¶ 9} On April 9, 2003, the General Assembly amended R.C. 2743.48 and expanded the definition of wrongfully imprisoned individuals to include those who had been released due to a procedural error subsequent to sentencing. Sub.S.B. No. 149, 149 Ohio Laws, Part II, 3545. Developments in the investigation of the deaths of Cooper and Schultz culminated in Chester McKnight pleading guilty to their aggravated murders on December 18, 2008.

{¶ 10} Based on McKnight's plea, Johnston filed a second claim for wrongful imprisonment, alleging that he was innocent and also claiming that errors in procedure, including the *Brady* violations, resulted in his release. Both parties

filed for summary judgment. The trial court accepted Johnston's procedural error argument, rejected the state's position that the 2003 amendment to R.C. 2743.48 was not retroactive, granted Johnston's motion for summary judgment, and declared Johnston to be a wrongfully imprisoned individual.

{¶ 11} The state appealed, and the Tenth District Court of Appeals reversed the trial court and held that the amendment did not apply retroactively to Johnston's claim and that its ruling rendered moot the state's other assignments of error asserting that a six-year statute of limitations applied to Johnston's claim, that res judicata barred Johnston from relitigating his actual innocence claim, and that Johnston had not satisfied the fourth and fifth prongs of the wrongful imprisonment statute. The appellate court later denied Johnston's application for en banc consideration and his motion to certify a conflict, and it declined to consider the state's contention that the wrongful imprisonment claim also failed based on our newly released decision in *Mansaray v. State*, 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35.

{¶ 12} We accepted Johnston's discretionary appeal on one proposition of law: "THE DIVIDED COURT IN THE TENTH DISTRICT ERRED WHEN IT, FOR THE FIRST TIME, HELD IN DIRECT CONTRAVENTION OF THE EXPRESS WISHES OF THE OHIO GENERAL ASSEMBLY, THAT THE 2003 AMENDMENTS TO R.C. 2743.48 (GOVERNING AN "ERROR IN PROCEDURE") DO NOT APPLY RETROACTIVELY." 139 Ohio St.3d 1428, 2014-Ohio-2725, 11 N.E.3d 284.

### Positions of the Parties

{¶ 13} Johnston contends that res judicata does not preclude his wrongful imprisonment claim based on procedural error because that claim did not exist at the time he filed the first wrongful imprisonment claim and because it is based on a different nucleus of operative facts. He alleges *Mansaray* does not bar his claim because the prosecution continued to withhold exculpatory evidence after

sentencing, and he urges us to reconsider *Mansaray* if we disagree. Finally, he asserts that the 2003 amendment to R.C. 2743.48 applies retroactively to him.

**{¶ 14}** The state maintains that res judicata bars Johnston's wrongful imprisonment claim based on procedural error because it shares a common nucleus of operative facts with the original claim, and it urges that the only difference between the two wrongful imprisonment claims is the theory of recovery. It contends that the 2003 amendment does not necessitate an exception to the application of res judicata based on *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 644 N.E.2d 286 (1994). The state also contends that we can forgo a retroactivity analysis of the amendment, arguing that *Mansaray* forecloses the instant claim because *Brady* violations are trial errors, not post sentencing errors, relying on *District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 129 S.Ct. 2308, 17 L.E.2d 38 (2009), to support its position. Finally, it asserts that the 2003 amendment does not retroactively rejuvenate failed wrongful imprisonment claims that have been litigated to final judgment and could not do so without violating separation of powers principles.

### Issues

**{¶ 15}** The applicability of res judicata and *Mansaray* were not addressed by the court of appeals, and we did not accept propositions of law related to these issues for review. Despite the parties' discussion of these issues in their appellate briefs and during oral argument, we decline to address them in the first instance. Thus, the only issue before this court is whether the 2003 amendment to R.C. 2743.48 applies retroactively to a claim filed in common pleas court after the effective date of the amended statute.

### Law and Analysis

*Statutory Modification*

**{¶ 16}** On April 9, 2003, the General Assembly expanded the definition of a wrongfully imprisoned individual in division (A)(5) of the wrongful

imprisonment statute to include those who can demonstrate that a procedural error occurred subsequent to sentencing that resulted in the release of the inmate. Sub.S.B. No. 149, 149 Ohio Laws, Part II, 3545. The statute provides:

> As used in this section * * * a "wrongfully imprisoned individual" means an individual who satisfies each of the following:
>
> > * * *
>
> > (5) Subsequent to sentencing and during or subsequent to imprisonment, *an error in procedure resulted in the individual's release*, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

(Emphasis added.) *Id.*

### *Retroactivity*

{¶ 17} Although Johnston's imprisonment occurred before the effective date of the 2003 amendment to R.C. 2743.48, he filed the instant claim seeking a determination that he is a wrongfully imprisoned individual after the effective date of that amendment.

{¶ 18} As we explained in *Smith v. Smith*, 109 Ohio St.3d 285, 2006-Ohio-2419, 847 N.E.2d 414, the Retroactivity Clause contained in Article II, Section 28 of the Ohio Constitution " 'prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments,' " and it " 'nullifies those new laws that "reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective]." ' " (Bracked material added in *Bielat*.) *Id.* at ¶ 6, quoting *Bielat v.*

*Bielat*, 87 Ohio St.3d 350, 352-353, 721 N.E.2d 28 (2000), quoting *Miller v. Hixson*, 64 Ohio St. 39, 51, 59 N.E. 749 (1901).

{¶ 19} Determining whether a law violates the Retroactivity Clause involves a two-step test:

> "[W]e must first 'determine whether the General Assembly expressly intended the statute to apply retroactively.' [*Bielat* at 353]. If so, we must determine whether 'the statute is substantive, rendering it *unconstitutionally* retroactive, as opposed to merely remedial.' (Emphasis sic.) Id. A substantive statute is one that 'impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction.' Id. at 354, 721 N.E.2d 28; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 106-107, 522 N.E.2d 489."

*Longbottom v. Mercy Hosp. Clermont*, 137 Ohio St.3d 103, 2013-Ohio-4068, 998 N.E.2d 419, ¶ 22, quoting *Smith* at ¶ 6.

{¶ 20} Instructive on this point is the uncodified language in Section 3 of Sub.S.B. No. 149, which states that the 2003 amendment applies "to civil actions for wrongful imprisonment in the Court of Claims *commenced on or after the effective date of this act*, or commenced prior to and pending on the effective date of this act." (Emphasis added.) 149 Ohio Laws, Part II, 3551.

{¶ 21} This language expresses the General Assembly's intent that the application of the 2003 amendment not be limited to wrongful imprisonment occurring after the amendment's effective date. Johnston commenced this action in the common pleas court subsequent to the effective date of the 2003 amendment to R.C. 2743.48 and will necessarily commence any resultant action in the Court of

Claims *after* the effective date of the amended statute. Thus, the amendment applies to his claim even though his imprisonment predated the amendment.

{¶ 22} Regarding the second step in the retroactivity analysis, the 2003 amendment is substantive because it imposes new liability on the state for past imprisonments. However, because the amendment impairs only the rights of the state and not those of individuals seeking recovery for wrongful imprisonment, the amendment may nonetheless constitutionally be given retroactive effect in light of the General Assembly's clear expression of its intent for retroactivity. *State ex rel. Sweeney v. Donahue*, 12 Ohio St.2d 84, 87, 232 N.E.2d 398 (1967) ("While a statute which impairs only the rights of the state may constitutionally be given retroactive effect, such effect will not be given in the absence of a clear expression of legislative intention for retroactivity" [internal citation omitted]).

{¶ 23} Thus, the 2003 amendment to R.C. 2743.48 applies retroactively to permit litigation of claims filed in accordance with that amendment.

**Conclusion**

{¶ 24} The 2003 amendment to R.C. 2743.48 expanded the definition of a wrongfully imprisoned individual to include those able to demonstrate a procedural error occurring subsequent to sentencing that resulted in the inmate's release and applies retroactively to permit litigation of claims on that basis.

{¶ 25} Accordingly, the judgment of the appellate court is reversed and the cause is remanded for the appellate court to address the assignments of error it previously determined moot.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Koenig & Long, L.L.C., and Todd A. Long, for appellant.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Stephen P. Carney, Deputy Solicitor, and Debra L. Gorrell, Senior Assistant Attorney General, for appellee.

_____