[Cite as *Black v. State*, 2017-Ohio-8822.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JAMES D. BLACK | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
|     Plaintiff-Appellant | |
| -vs- | |
| | Case No. 17-COA-018 |
| STATE OF OHIO | |
|     Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Ashland County Court of
Common Pleas, Case No. 16-CIV-075

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    December 1, 2017

APPEARANCES:

For Plaintiff-Appellant    For Defendant-Appellee

JAMES D. BLACK, PRO SE    MICHAEL DEWINE
#119050    Ohio Attorney General
ISCI Unit 14
P.O. Box 14    BYRON D. TURNER
Boise, Idaho 83707-0014    Assistant Attorney General
Criminal Justice Section
150 East Gay Streeet, 16th Floor
Columbus, Ohio 43215

*Hoffman, J.*

{¶1}   Appellant James D. Black appeals the summary judgment entered by the Ashland County Common Pleas Court dismissing his complaint for wrongful imprisonment.  Appellee is the state of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}   On August 2, 2010, an Ashland County Grand Jury indicted Appellant in Case No. 10–CRI–080. The trial court issued a warrant for Appellant's arrest.

{¶3}   On January 27, 2011, prior to the service of the indictment on Appellant, Appellant filed a handwritten "Notice of Availability" with the trial court. A copy of the Notice was sent to the Ashland County Prosecutor's Office. The State filed a response to the Notice, informing the trial court Appellant was being held in a county jail in the State of Maryland, awaiting sentencing. The State also advised the trial court Appellant was not serving any sentence at that time and was not incarcerated in a state penal institution; therefore, Appellant's Notice was premature and R.C. 2963.30, the Interstate Agreement on Detainers ("IAD"), was not applicable.

{¶4}   On August 22, 2011, Appellant filed a motion to dismiss, asserting the State violated his right to a speedy trial by failing to prosecute him within the time required by R.C. 2963.30. The trial court denied the motion on September 6, 2011. The State offered Appellant a plea deal, warning if such was not accepted, the State intended to re-indict him with additional charges.

{¶5}   On January 26, 2012, the Ashland County Grand Jury re-indicted Appellant on two counts of theft, felonies of the fifth degree, and one count of breaking and entering, a felony of the fifth degree, as well as an additional count of burglary, a felony of the

second degree in Case No. 12–CRI–010. The trial court dismissed Case No. 10–CRI–080.

{¶6}    Appellant filed a motion to dismiss the new indictment on February 3, 2012. Therein, Appellant asserted the State failed to bring him to trial within the 180 day time frame imposed by Article III(a) of the IAD, following his delivery of a Notice and Request for Final Disposition on January 27, 2011. Appellant further argued the State failed to bring him to trial within the 120 day time limit imposed by Article IV(c) of the IAD when he was returned to the State of Maryland following action by Richland County, Ohio, to transport him to Ohio in response to an indictment filed in that county.

{¶7}    The trial court conducted a hearing on Appellant's motion to dismiss. The following evidence was adduced at the hearing.

{¶8}    After receiving notice from Appellant, authorities in Richland County engaged in procedurally appropriate action pursuant to Article IV of the IAD. In response to the action of Richland County, on or about May 27, 2011, Appellant was transported from the State of Maryland to the State of Ohio. Appellant remained in the State of Ohio until August 1, 2011, during which time the Richland County charges were resolved. Also while Appellant was in Ohio, on July 8, 2011, the Ashland County Court of Common Pleas arraigned Appellant in Case No. 10–CRI–080. Appellant was returned to the State of Maryland prior to a final disposition of the Ashland County matter.

{¶9}    Via Judgment Entry filed February 14, 2012, the trial court overruled Appellant's motion to dismiss, finding the IAD was not applicable to him.

{¶10} On March 12, 2012, the State moved to amend the indictment. The trial court granted the motion and the indictment was amended, reducing the degree of the

two theft counts to misdemeanors of the first degree. The matter proceeded to jury trial on March 13 and 14, 2012. The jury found Appellant guilty of two misdemeanor counts of theft as well as breaking and entering, the lesser included offense of burglary. The trial court ordered a presentence investigation and scheduled sentencing for April 30, 2012. The trial court imposed an aggregate term of imprisonment of twelve months.

{¶11} Appellant filed an appeal to this Court. We reversed the judgment of the trial court, holding the trial court erred in denying Appellant's motion to dismiss based on his speedy trial rights and the single-transfer rules of the IAD, specifically finding the IAD applicable to offenders held in county jails. *State v. Black*, 5th Dist. Ashland No. 12-COA-018, 2013-Ohio-976, 989 N.E.2d 151, ¶27. The Ohio Supreme Court affirmed our decision on the certified question of whether the term "penal or correctional institution of a party state" in R.C. 263.30 includes a county jail as well as a state prison or correctional facility. *State v. Black,* 142 Ohio St. 332, 30 N.E.3d 918, 2015-Ohio-513.

{¶12} On April 13, 2016, Appellant filed the instant action in the Ashland County Common Pleas Court seeking a declaration he was wrongfully imprisoned as defined by R.C. 2743.48(A). Both parties moved for summary judgment. The trial court granted Appellee's motion for summary judgment, finding Appellant cannot factually satisfy all five of the statutory criteria set forth in R.C. 2743.48(A) which creates a cause of action for wrongful imprisonment. Appellant prosecutes this appeal from that judgment, assigning as error:

"I. THE TRIAL COURT ERRED IN GRANTING THE RESPONDENT'S MOTION FOR SUMMARY JUDGMENT WHEN A

GENUINE ISSUE OF MATERIAL FACT IS DISPUTED IN THAT OHIO'S WRONGFUL IMPRISONMENT STATUTE, R.C. 2943.48, IS AMBIGUOUS, FOR THERE IS NOTHING EXPLICITLY STATED THAT A CONVICTION AND SENTENCE FROM A CRIMINAL INDICTMENT THAT HAD NO LEGAL FORCE OR EFFECT IS PRECLUDED FROM RECOVERY.

"II.   THE TRIAL COURT ERRED IN DENYING MR. BLACK'S MOTION FOR SUMMARY JUDGMENT ON THE MISTAKEN BASIS HE FAILED TO SATISFY THE FACTORS OF R.C. 2743.48(A)(1) THROUGH (A)(5)."

**{¶13}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

**{¶14}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. It is pursuant to this standard of review we address Appellant's assignments of error.

I.

**{¶15}** Appellant argues R.C. 2943.48 is ambiguous because it fails to address his unique set of circumstances.

**{¶16}** R.C. 2943.48 provides:

(A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶17} Appellant does not point to any ambiguity in the statute, but rather argues the statute is incomplete by its failure to include his situation in the set of circumstances under which a person may be found wrongfully imprisoned.

**{¶18}** The primary goal in statutory interpretation is to give effect to the intent of the legislature. *Christe v. GMS Mgt. Co., Inc.*, 88 Ohio St.3d 376, 377, 726 N.E.2d 497, 499 (2000). In determining legislative intent, the court first looks to the language of the statute. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105, 65 O.O.2d 296, 298, 304 N.E.2d 378, 381 (1973). In considering the statutory language, it is the duty of the court to give effect to the words used in a statute, not to delete words used or to insert words not used. *Cleveland Elec. Illum. Co. v. Cleveland*, 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus (1988). We decline to insert words into the statute to include Appellant's unique factual situation which the legislature failed to include.

**{¶19}** The first assignment of error is overruled.


II.

**{¶20}** In his second assignment of error, Appellant argues there is a disputed fact as to his ability to prove he satisfies R.C. 2943.48(A)(5). He argues due to the trial court's failure to dismiss the indictment in Case No. 10-CRI-080 with prejudice, he was deprived of his right to be free from confinement, and the State unlawfully obtained a new indictment against him in Case No. 12-CRI-010, which constituted an error in the proceeding subsequent to sentencing.[1]

**{¶21}** In *Mansaray v. State of Ohio,* 138 Ohio St. 3d 277, 6 N.E.3d 35, 2014-Ohio-750, the plaintiff claimed he was wrongfully imprisoned when the charges against him were dismissed following an appellate determination the trial court should have granted

---

[1] We reject Appellant's assertion the failure of the trial court to dismiss the indictment rendered subsequent proceedings void ab initio: We find the trial court did have subject matter jurisdiction to proceed.

his motion to suppress evidence taken from his house. The plaintiff argued the statutory language found in R.C. 2743.48(A)(5), "subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release," applied to his case because the "subsequent event" was a judicial determination of error. The State argued the error in procedure must occur subsequent to sentencing, and the error in procedure regarding suppression of evidence occurred prior to sentencing. The Ohio Supreme Court agreed with the State, holding the error in procedure must have occurred subsequent to sentencing and during or subsequent to imprisonment for the statute to apply. *Id.* at syllabus. Accordingly, the error in procedure regarding suppression of evidence did not occur subsequent to sentencing and during or subsequent to imprisonment, and Mansaray therefore did not satisfy R.C. 2743.48(A)(5). *Id.* at ¶16.

**{¶22}** Likewise, in the instant case the error of failing to recognize the speedy trial and violation of the IAD occurred prior to sentencing. There are no disputed facts as to Appellant's ability to satisfy R.C. 2743.48(A)(5), and the trial court did not err in entering summary judgment in favor of Appellee.

**{¶23}** The second assignment of error is overruled.

**{¶24}** The judgment of the Ashland County Common Pleas Court is affirmed.


By: Hoffman, J.

Baldwin, J. concurs,

Gwin, P.J. dissents.

*Gwin, P.J., dissents,*

{¶25} I respectfully dissent from the majority's decision.

{¶26} While I agree that Appellant has couched his argument in terms that R.C. 2943.48 is ambiguous and fails to address his unique circumstances, I believe that a plain reading of the statute mandates a different result. Specifically, R.C. 2943.48(A)(5) states,

5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, *or* it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person (emphasis added).

{¶27} In *Johnson v. State,* the Ohio Supreme Court pointed out,

On April 9, 2003, the General Assembly amended R.C. 2743.48 and expanded the definition of wrongfully imprisoned individuals to include those who had been released due to a procedural error subsequent to sentencing. Sub.S.B. No. 149, 149 Ohio Laws, Part II, 3545.

144 Ohio St.3d 311, 2015-Ohio-4437, 42 N.E.3d 746, ¶9.

{¶28} A court's main objective in statutory construction is to determine and give effect to the legislative intent. *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees*, 72 Ohio St.3d 62, 65, 647 N.E.2d 486 (1995). To determine the intent of the General Assembly, we look primarily to the language of the statute itself. *Stewart v. Trumbull Cty. Bd. of Elections*, 34 Ohio St.2d 129, 130, 296 N.E.2d 676 (1973). "Where a statute defines terms used therein, such definition controls

in the application of the statute * * *." *Good Samaritan Hosp. of Dayton v. Porterfield*, 29 Ohio St.2d 25, 30, 278 N.E.2d 26 (1972), *citing Terteling Bros. v. Glander*, 151 Ohio St. 236, 241, 85 N.E.2d 379 (1949), and *Woman's Internatl. Bowling Congress, Inc. v. Porterfield*, 25 Ohio St.2d 271, 275, 267 N.E.2d 781 (1971). Terms that are undefined by the legislature are accorded their common, everyday meaning. R.C. 1.42.

{¶29} R.C. 2943.48(A)(5) is clearly written in the alternative. The term "or" is defined as "used to link alternative"[2]; "used as a function word to indicate an alternative. coffee *or* tea . sink *or* swim, the equivalent or substitutive character of two word or phrases lessen *or* abate, or approximation or uncertainty in five *or* six days."[3]

{¶30} Unlike the situation cited by the majority in *Mansaray,* Appellant in the case at bar was convicted, sentenced and imprisoned. It was only after the Ohio Supreme Court intervened and ended the conflict among appellate court districts by holding "the term 'penal or correctional institution of a party state', as used in R.C. 2963.30, includes a county jail as well as a state prison or correctional facility" that Appellant's case was dismissed. Thus, a procedure error subsequent to sentencing resulted in the Appellant's release

{¶31} Accordingly, because Appellant met all five requirements of the statute, I would find that the trial court erred in granting summary judgment to the appellee.

---

[2] Oxford Dictionary, https://en.oxforddictionaries.com/definition/or (accessed Nov. 17, 2017)
[3] Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/or (accessed Nov. 17, 2017.