[Cite as *Brown v. State*, 2019-Ohio-4376.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Danny Brown                                         Court of Appeals No. L-18-1044

    Appellant/Cross-Appellee            Trial Court No. CI0201501714

v.

State of Ohio                                       **DECISION AND JUDGMENT**

    Appellee/Cross-Appellant            Decided: October 25, 2019

* * * * *

Patrick M. Quinn, for appellant/cross-appellee.

Dave Yost, Ohio Attorney General, and Thomas E. Madden, Assistant
Attorney General, Julia R. Bates, Lucas County Prosecuting Attorney,
and Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee/cross-
appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant/cross-appellee, Danny Brown, appeals the February 9, 2018

judgment of the Lucas County Court of Common Pleas granting summary judgment to

appellee/cross-appellant, the state of Ohio, and dismissing Brown's complaint. For the

following reasons, we affirm.

## I. Background and Facts

{¶ 2} In 1982, Brown was convicted of aggravated murder and sentenced to life in prison. In 2000, DNA testing of semen found in the victim's body definitively excluded Brown as the source of the semen. Based on this evidence, Brown moved for a new trial, which the trial court granted. In response, the state moved to dismiss the indictment, which the trial court also granted. Consequently, in 2001, Brown was released from prison.

{¶ 3} In 2002, following his release from prison, Brown filed a complaint in the trial court (the "2002 case") seeking a declaration under R.C. 2743.48 that he was a "wrongfully imprisoned individual" who was entitled to compensation from the state. At the time Brown filed the 2002 case, the wrongful imprisonment statute required a claimant to show, among other things, that "no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney * * * against the individual for any act associated with" the underlying conviction, and that "the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person." Former R.C. 2743.48(A)(4), (5), 145 Ohio Laws, Part IV, 6341, effective Oct. 6, 1994. Proving these elements required a showing that the claimant was actually innocent of the crime charged and of any criminal conduct related

2.

to the incident.  *See Gover v. State*, 67 Ohio St.3d 93, 616 N.E.2d 207 (1993).  The state

filed a motion for summary judgment, which the trial court granted.[1]

{¶ 4} Brown appealed the trial court's grant of summary judgment in the 2002

case, and we affirmed.  *Brown v. State*, 6th Dist. Lucas No. L-05-1050, 2006-Ohio-1393

("*Brown I*").  In *Brown I*, we noted that, in its motion for summary judgment, the state

presented evidence that Brown was still a suspect in the victim's murder and that Brown

had failed to counter the state's evidence that he committed the murder with Civ.R. 56

evidence of his innocence.  *Id.* at ¶ 24.  We concluded that Brown failed to raise a

genuine issue of material fact regarding the actual-innocence element of his wrongful-

imprisonment claim and that the trial court did not err by granting summary judgment in

favor of the state.  *Id.* at ¶ 24-25.

{¶ 5} In 2003, while the 2002 case was pending, the legislature amended the

definition of "wrongfully imprisoned individual" to apply when "subsequent to

sentencing and during or subsequent to imprisonment, an error in procedure resulted in

the individual's release * * *" from prison.  Former R.C. 2743.48(A)(5), 149 Ohio Laws,

Part II, 3545, effective Apr. 9, 2003.  The error-in-procedure amendment applied to all

R.C. 2743.48 cases pending at the time the amendment went into effect.  *Johnston v.

State*, 144 Ohio St.3d 311, 2015-Ohio-4437, 42 N.E.2d 746, ¶ 20.  Regardless, Brown did

not amend his 2002 complaint to include an error-in-procedure claim.

---

[1] The trial court's decision in the 2002 case is not in the record.

3.

{¶ 6} Over a decade later, in 2015, Brown filed the complaint underlying this appeal (the "2015 case"), in which he once again sought to be declared a wrongfully imprisoned individual. This time, he alleged both that he did not commit the murder and that an error in procedure resulted in his release from prison. The state again moved for summary judgment, this time arguing that (1) res judicata barred Brown's claims; (2) he could not show that criminal charges could not or would not be brought related to the murder, as required to satisfy R.C. 2743.48(A)(5); (3) he could not show that he was actually innocent, as required to satisfy R.C. 2743.48(A)(4); and (4) his claims were barred by the statute of limitations. Brown responded that (1) res judicata did not apply because the 2002 case was dismissed for lack of subject-matter jurisdiction, (2) there were genuine issues of material fact regarding whether criminal charges could or would be brought, (3) there were genuine issues of material fact regarding his actual innocence of the murder, (4) the lack of a statute of limitation on murder did not preclude him from satisfying R.C. 2743.48(A)(4) because charges for the murder were not factually supportable or legally permissible, and (5) the statute of limitations did not bar his claims.

{¶ 7} Following a hearing, the trial court, on February 9, 2018, granted the state's motion for summary judgment and dismissed the case. In doing so, the trial court found that res judicata barred Brown's claim based on actual innocence. The court noted that Brown conceded that the 2015 case and the 2002 case involved the same parties and arose from the same transaction or occurrence. Then, without directly addressing Brown's jurisdictional argument, the court determined that the judgment in the 2002 case

was a valid, final judgment on the merits, and that res judicata applied to Brown's claims because the alleged change in circumstances was not the type that permits a party to avoid application of res judicata. The court went on to determine that Brown's actual-innocence claim had been litigated in the 2002 case, so it was barred by res judicata. However, the trial court found, because the error-in-procedure portion of R.C. 2743.48(A) was not in effect when Brown filed the 2002 case, his error-in-procedure claim was not at issue in the 2002 case and, accordingly, was not barred by res judicata. But, the trial court found that the error-in-procedure claim—while not barred by res judicata—was barred by the six-year statute of limitations, which began running in 2003 when the error-in-procedure language of R.C. 2743.48(A) was enacted. Because Brown did not file an error-in-procedure claim before 2009, he was outside of the statute of limitations and his error-in-procedure claim was time barred.

{¶ 8} Brown appeals the trial court's decision, raising one assignment of error:

The trial court erred in finding Appellant's actual innocence claim barred by *res judicata* because the dismissal of his prior action was based upon grounds demonstrating a want of subject matter jurisdiction. (Italics sic.)

{¶ 9} The state filed a cross-appeal, also raising one assignment of error:

The trial court erred in refusing to apply res judicata to bar Appellant's error-in-procedure claim.

5.

## II. Law and Analysis

{¶ 10} In his assignment of error, Brown argues that res judicata did not bar his wrongful imprisonment claim based on actual innocence. He claims that the trial court in the 2002 case did not have subject-matter jurisdiction because the version of R.C. 2305.02 in effect at the time conferred jurisdiction on a common pleas court to consider a wrongful-imprisonment claim only if the person filing the case "satisfies" the requirements of R.C. 2743.48(A)(1) through (4). He also argues that the trial court in the 2002 case dismissed the action because Brown did not meet the requirements of R.C. 2743.48(A)(4), which he claims was tantamount to a dismissal for lack of subject-matter jurisdiction, so the court's judgment was void and not a valid, final judgment, as required for res judicata to apply. Alternatively, if we find that res judicata bars the actual-innocence claim, Brown argues that fairness and justice do not support applying res judicata in this case.

{¶ 11} The state counters that the trial court in the 2002 case had jurisdiction to decide Brown's case because the requirements of R.C. 2743.48(A) relate to a party's standing to bring a wrongful imprisonment claim—not a common pleas court's subject-matter jurisdiction—so the trial court in the 2002 case had jurisdiction and the judgment that it issued is not void. It also argues that there is nothing unjust or unfair about applying res judicata to this case.

{¶ 12} In its cross-appeal, the state contends that, rather than being barred by the statute of limitations, Brown's wrongful-imprisonment claim based on an error in

procedure is barred by res judicata. The state argues that Brown could have amended his 2002 complaint to include an error-in-procedure claim when R.C. 2743.48(A) was amended in 2003, but he did not. For that reason, the state claims that the error-in-procedure claim is barred by res judicata.

{¶ 13} Because the assignments of error both relate to the trial court's application of the doctrine of res judicata, we address them together.

### A. Standard of Review

{¶ 14} We review summary judgment de novo, employing the same standard as the trial court. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). A court can grant a motion for summary judgment only when the moving party demonstrates:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

*Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶ 15} The party seeking summary judgment must specifically delineate the basis upon which the motion is brought and identify those portions of the record that

7.

demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus. When a properly supported motion for summary judgment is made, the adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). The opposing party must do so using "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * *." Civ.R. 56(C). A "material" fact is one that would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 827, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## B. Wrongful Imprisonment

{¶ 16} Ohio has a two-step process that allows a person claiming that he was wrongfully imprisoned to sue the state for damages. R.C. 2743.48(B), (D). "The first action, in the common pleas court under R.C. 2305.02, seeks a preliminary factual determination of wrongful imprisonment; the second action, in the Court of Claims under R.C. 2743.48, provides for damages." *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 72, 701 N.E.2d 1002 (1998).

8.

**{¶ 17}** When Brown filed this case in 2015, R.C. 2305.02 provided that the common pleas court in the county where the underlying criminal case was initiated had exclusive, original jurisdiction over an action "commenced by an individual *who seeks a determination by that court that the individual satisfies* divisions (A)(1) to (5) of section 2743.48 of the Revised Code." (Emphasis added.) Former R.C. 2503.02, 2012 Am.Sub.H.B. No. 487, effective Sept. 10, 2012. When Brown filed the 2002 case, however, the statute conferred a common pleas court with jurisdiction over an action "commenced by an individual *who satisfies* divisions (A)(1) to (4) of section 2743.48 of the Revised Code and that seeks a determination by the court that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person." (Emphasis added.) Former R.C. 2305.02, 142 Ohio Laws, Part III, 4675, effective Mar. 17, 1989.

**{¶ 18}** In addition, when Brown filed this case in 2015, the first step of a wrongful imprisonment claim—i.e., seeking a factual determination from the common pleas court that the person was a "wrongfully imprisoned individual," as defined by R.C. 2743.48(A)—required the person to show that: (1) he was charged with a felony or aggravated felony; (2) he "was found guilty of, but did not plead guilty to * * *," the felony or aggravated felony or any lesser-included offense that was a felony; (3) he was sentenced to a definite or indefinite prison term; (4) his conviction "was vacated, dismissed, or reversed on appeal * * *," the prosecuting attorney could not or would not seek further appeal, and "no criminal proceeding is pending, can be brought, or will be

brought * * *" related to "any act associated with * * *" the conviction; and (5) after his sentencing and during or after his incarceration, either "an error in procedure resulted in * * *" his release, or the court of common pleas determined that "the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person." Former R.C. 2743.48(A)(1)-(5), 2013 Am.Sub.H.B. No. 59, effective Sept. 29, 2013.

{¶ 19} The version of R.C. 2743.48 in effect when Brown filed the 2002 case largely mirrored the 2013 version. *See* former R.C. 2743.48(A), 145 Ohio Laws, Part IV, 6341, effective Oct. 6, 1994. It did not, however, include the "error in procedure" language in (A)(5). *Id.* The statute was amended in 2003 to add the "error in procedure" language. *See* former R.C. 2743.48(A)(5), 149 Ohio Laws, Part II, 3545, effective Apr. 9, 2003.

## C.  Res Judicata

{¶ 20} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. Application of res judicata requires four things: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of

10.

the same transaction or occurrence." *Reasoner v. Columbus*, 10th Dist. Franklin No. 04AP-800, 2005-Ohio-468, ¶ 5.

{¶ 21} Here, the parties agree that this action involves the same parties and arose from the same transaction or occurrence as the 2002 case. Thus, to determine whether res judicata applied to Brown's claims in the 2015 case, we must determine whether the judgment in the 2002 case was valid and whether the claims were or could have been litigated in the 2002 case.

### 1. Prior Valid Judgment

{¶ 22} Brown argues that the judgment in the 2002 case was not valid because the trial court lacked subject-matter jurisdiction. We disagree.

{¶ 23} Brown claims that the wording of R.C. 2305.02 when he filed the 2002 case—i.e., that a common pleas court had jurisdiction over an action "commenced by an individual who satisfies divisions (A)(1) to (4) of section 2743.48 of the Revised Code * * *"—shows that the legislature intended to grant a common pleas court subject-matter jurisdiction only in those cases where the claimant meets the criteria in R.C. 2743.48(A)(1) through (4) before he files his wrongful imprisonment action. Thus, he concludes, because he did not meet the requirement in (A)(4) that no criminal proceedings can be brought or will be brought against him, the trial court lacked subject-matter jurisdiction over the 2002 case, and, consequently, the judgment in the 2002 case is void and does not constitute a valid, final judgment for res judicata purposes.

11.

**{¶ 24}** The state responds that Brown's interpretation of R.C. 2305.02 is "legally preposterous" and that, if anything, Brown lacked standing to bring his wrongful imprisonment claim in 2002, which did not divest the trial court of subject-matter jurisdiction over the 2002 case.

**{¶ 25}** We agree that Brown's argument conflates the separate, legally-distinct concepts of subject-matter jurisdiction and standing.

**{¶ 26}** Subject-matter jurisdiction is "'the *courts'* statutory or constitutional power to adjudicate the case.'" (Emphasis added.) *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). It is determined without regard to the rights of the parties involved in the case. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. A judgment entered without subject-matter jurisdiction is void and can be challenged at any time. *Pratts* at ¶ 11.

**{¶ 27}** Courts of common pleas in Ohio have "original jurisdiction over all justiciable matters * * * as may be provided by law." Article IV, Section 4(B), Ohio Constitution. The Supreme Court of Ohio "has long held that the court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.'" *Kuchta* at ¶ 20, quoting *Saxton v. Seiberling,* 48 Ohio St. 554, 558-559, 29 N.E. 179 (1891).

**{¶ 28}** Standing, on the other hand, "is defined at its most basic as '[a] *party's* right to make a legal claim or seek judicial enforcement of a duty or right.'" (Emphasis

12.

added.)  *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27, quoting Black's Law Dictionary (8th Ed.2004) 1442.  And, while standing is jurisdictional in the sense that lack of standing is "certainly a fundamental flaw that would require a court to dismiss the action * * *" and would subject a decision to reversal on appeal, "a particular party's standing, or lack thereof, does not affect the subject-matter jurisdiction of the court * * *."  *Kuchta* at ¶ 23.  This is because standing implicates a court's jurisdiction over a particular case.  *Id.* at ¶ 22.  A court's jurisdiction over a particular case refers to the court's ability to rule on a given case that is within the court's subject-matter jurisdiction.  *Pratts* at ¶ 12.  Determining whether a court has jurisdiction over a particular case requires consideration of the rights of the parties.  *Kuchta* at ¶ 19.  "If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void."  *Id.*, citing *Pratts* at ¶ 12.  Moreover, "lack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment."  *Id.* at ¶ 25.

{¶ 29} The wording of former R.C. 2305.02 did two things:  (1) granted common pleas courts the authority to hear cases arising under R.C. 2743.48—i.e., "[a] court of common pleas has exclusive, original jurisdiction to hear and determine an action or proceeding that is commenced * * *" under R.C. 2743.48—and (2) delineated which persons were able to invoke the common pleas courts' jurisdiction over a claim under R.C. 2743.48—i.e., "an individual who satisfies divisions (A)(1) to (4) of section 2743.48

13.

of the Revised Code and that seeks a determination by the court * * *" that he meets the criteria of R.C. 2743.48(A)(5). Keeping in mind that subject-matter jurisdiction relates to the court's power and standing relates to a party's rights, the plain language of former R.C. 2305.02 shows that the legislature did not intend for the statute to preclude common pleas courts from hearing cases brought by individuals who did not "satisf[y]" the requirements of R.C. 2743.48(A)(1) to (4). Rather, the legislature, by limiting *who* could file a suit based on R.C. 2743.48, intended to take standing from former inmates who did not qualify as "wrongfully imprisoned individual[s]" and, consequently, could not successfully litigate a wrongful-imprisonment claim. This limit on standing is not the equivalent of denying a common pleas court subject-matter jurisdiction over wrongful-imprisonment claims. And any error in *invoking* a common pleas court's subject-matter jurisdiction does not affect the court's subject-matter jurisdiction. *Kuchta* at ¶ 19.

{¶ 30} We also note that the 2012 amendment to R.C. 2305.02, by granting a common pleas court jurisdiction over wrongful-imprisonment claims "commenced by an individual *who seeks a determination by that court that the individual satisfies* divisions (A)(1) to (5) of section 2743.48 of the Revised Code," (emphasis added) 2012 Am.Sub.H.B. No. 487, effective Sept. 10, 2012, merely expanded *who* could bring a wrongful-imprisonment claim. It did not, as Brown claims, indicate that the legislature meant the version of R.C. 2305.02 in effect in 2002 to deny common pleas courts subject-matter jurisdiction over wrongful-imprisonment claims unless and until a claimant could meet the requirements of R.C. 2743.48(A)(1) to (4).

{¶ 31} Because the "individual who satisfies" requirement in former R.C. 2305.02 did not affect a common pleas court's subject-matter jurisdiction over wrongful-imprisonment claims, the trial court's judgment in the 2002 case was not issued without subject-matter jurisdiction. Consequently, the 2002 judgment is not void. Further, Brown's apparent lack of standing under former R.C. 2305.02 does not render the judgment in the 2002 case void; instead, it is merely voidable. Lack of standing is not a basis for collaterally attacking a judgment, however, so Brown's current challenge cannot invalidate the 2002 judgment. Accordingly, we find that the 2002 judgment is not void and is a valid, final judgment for res judicata purposes.

## 2. Claims Were or Could Have Been Litigated

{¶ 32} In its cross-appeal, the state argues that the trial court erred by failing to find that Brown's error-in-procedure claim was barred by res judicata because the error-in-procedure claim could have been litigated in the 2002 case. We agree.

{¶ 33} Res judicata encompasses two related concepts: claim preclusion and issue preclusion. *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6. Claim preclusion is the only concept relevant here. Claim preclusion prevents subsequent actions by the same parties based upon any claim arising out of a transaction that was the subject matter of a previous action. *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998). "Where a claim *could have been* litigated in the previous suit, claim preclusion also bars subsequent actions on that matter." (Emphasis added.) *O'Nesti* at ¶ 6, citing *Grava*, 73

15.

Ohio St.3d at 382, 653 N.E.2d 226.  Put another way, "'[t]he doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.'"  *Grava* at 382, quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).

{¶ 34} While the 2002 case was pending, R.C. 2743.48(A)(5) was amended to provide wrongful-imprisonment claimants a second avenue for seeking redress.  In addition to the statutory language that allowed a person to be declared a "wrongfully imprisoned individual" if the common pleas court determined that "the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person," the 2003 amendment allowed a claimant to meet the requirements of R.C. 2743.48(A)(5) if he could show that after his sentencing and during or after his incarceration, "an error in procedure resulted in * * *" his release.  Former R.C. 2743.48(A)(5), 149 Ohio Laws, Part II, 3545, effective Apr. 9, 2003.  The Supreme Court has determined that "the 2003 amendment to R.C. 2743.48 applies retroactively to permit litigation of claims filed in accordance with that amendment."  *Johnston*, 114 Ohio St.3d 311, 2015-Ohio-4437, 42 N.E.3d 746, at ¶ 23.

{¶ 35} Here, Brown's 2002 action was pending at the time that the error-in-procedure amendment went into effect.  Even so, he did not attempt to amend his complaint or in any way raise the error-in-procedure claim in the 2002 case.  Because Brown could have raised the error-in-procedure claim in 2002—but did not—he cannot now attempt to litigate it.  This is precisely the type of claim that is barred by res judicata.

16.

## D. Res Judicata Bars Brown's Claims in this Case

**{¶ 36}** Having determined that all four elements of res judicata—i.e., a prior valid judgment on the merits, the same parties, the same underlying transaction or occurrence, and claims that were or could have been raised in the prior action—are present in this case, we conclude that Brown's wrongful-imprisonment claim is barred by res judicata and the trial court properly dismissed the case.

**{¶ 37}** Despite the apparent applicability of res judicata, Brown argues that he should be allowed to go forward with his wrongful-imprisonment claim because "[f]airness and justice would not support imparting the dismissal of the prior action with binding effect here." We disagree.

**{¶ 38}** Although it is true that, in some limited circumstances, courts have held that res judicata does not apply to bar subsequent actions, *see, e.g., Builders Dev. Group, LLC v. Smith*, 2d Dist. Montgomery No. 23846, 2010-Ohio-4151 (res judicata did not apply when LLC member mistakenly brought LLC's claims in his own name and trial court dismissed the case with prejudice, thus precluding the LLC from refiling in its own name), it is equally true that "[a]bsent changed circumstances, refusing to allow [a plaintiff] to use an alternate legal theory overlooked in the previous proceedings does not work an injustice." *Grava*, 73 Ohio St.3d at 383, 653 N.E.2d 226. "Changed circumstances" exist when "a change in the facts * * * raises a new material issue, or * * * would have been relevant to the resolution of a material issue involved in the earlier

action * * *." *State ex rel. Westchester Estates, Inc. v. Bacon*, 61 Ohio St.2d 42, 45, 399 N.E.2d 81 (1980).

{¶ 39} Here, Brown has not pointed to any changed circumstances or another "injustice" that would allow us to disregard the application of res judicata to his 2015 wrongful-imprisonment claim. Put succinctly, "[t]here is no injustice in requiring a plaintiff to 'avail himself of all available grounds for relief in the first proceeding.'" *McCory v. Clements*, 2d Dist. Montgomery No. 19043, 2002 WL 857721, *4 (Apr. 26, 2002), quoting *Grava* at 383.

{¶ 40} In sum, because we find that the 2002 judgment was a valid, final judgment, we conclude that Brown's 2015 actual-innocence claim is barred by res judicata. The trial court did not err in finding that res judicata applied, and, therefore, Brown's assignment of error is not well-taken.

{¶ 41} Additionally, because Brown could have raised the error-in-procedure claim in the 2002 case, but did not, we agree with the state that the trial court erred by finding that res judicata did not bar the 2015 error-in-procedure claim. Regardless, an appellate court only has jurisdiction to review, affirm, modify, set aside, or reverse lower court judgments that are based on the lower court's commission of prejudicial errors. R.C. 2501.02. An appellate court cannot reverse a lower court decision that is legally correct even if it is a result of erroneous reasoning. *City of Toledo v. Schmiedebusch*, 192 Ohio App.3d 402, 2011-Ohio-284, 949 N.E.2d 504, ¶ 37 (6th Dist.), citing *Reynolds v. Budzik*, 134 Ohio App.3d 844, 846, 732 N.E.2d 485 (6th Dist.1999),

18.

fn. 3. That is, this court will not reverse a trial court decision that "achieves the right result for the wrong reason, because such an error is not prejudicial." *Id.* The trial court's error regarding the error-in-procedure claim was not prejudicial, so we cannot reverse the decision. Accordingly, we find that the state's cross-assignment of error is not well-taken.

### III. Conclusion

{¶ 42} Based on the foregoing, the February 9, 2018 judgment of the Lucas County Court of Common Pleas is affirmed. The parties are ordered to divide the costs of this appeal equally pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

Christine E. Mayle, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.