[Cite as *Brown v. State*, 2025-Ohio-998.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Danny Brown                                    Court of Appeals No.  L-24-1104

      Appellant                              Trial Court No.  CI0202302015

v.

State of Ohio                                  **<u>DECISION AND JUDGMENT</u>**

      Appellee                               Decided:  March 21, 2025

* * * * *

Barton R. Keyes and Abigail F. Chin, for appellant.

Julia R. Bates, Lucas County Prosecuting Attorney,
John A. Borell, and Kevin A. Pituch, Assistant
Prosecuting Attorneys, and Jennifer A. Driscoll
and Andrew T. Gatti, Assistant Attorneys General, for appellee.

* * * * *

**DUHART, J.**

{¶ 1} This is an appeal by appellant, Danny Brown, from the April 23, 2024 judgment of the Lucas County Court of Common Pleas granting summary judgment to appellee, the State of Ohio.  For the reasons that follow, we affirm the trial court's judgment.

**{¶ 2}** Brown sets forth one assignment of error:

The trial court erred when it granted the State's motion for summary judgment based on res judicata.

## Background

**{¶ 3}** The underlying facts of Brown's case were set forth in *State v. Brown*, 1983 WL 6945 (6th Dist. Sept. 16, 1983) and *Brown v. State*, 2006-Ohio-1393 (6th Dist.). And, in *Brown v. State*, 2019-Ohio-4376, ¶ 2-8, 36 (6th Dist.), this court stated:

> In 1982, Brown was convicted of aggravated murder and sentenced to life in prison. In 2000, DNA testing of semen found in the victim's body definitively excluded Brown as the source of the semen. Based on this evidence, Brown moved for a new trial, which the trial court granted. In response, the state moved to dismiss the indictment, which the trial court also granted. Consequently, in 2001, Brown was released from prison.

> In 2002 . . . Brown filed a complaint in the trial court (the "2002 case") seeking a declaration under R.C. 2743.48 that he was a "wrongfully imprisoned individual" who was entitled to compensation from the state. At the time Brown filed the 2002 case, the wrongful imprisonment statute required a claimant to show, among other things, that "no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney . . . against the individual for any act associated with" the underlying conviction, and that "the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person." . . . Proving these elements required a showing that the claimant was actually innocent of the crime charged and of any criminal conduct related to the incident. . .The state filed a motion for summary judgment, which the trial court granted.

> Brown appealed the trial court's grant of summary judgment in the 2002 case, and we affirmed. *Brown v. State*, . . . 2006-Ohio-1393 . . . [(6th Dist.)] ("Brown I"). In *Brown I*, we noted that, in its motion for summary judgment, the state presented evidence that Brown was still a suspect in the victim's murder and that Brown had failed to counter the state's evidence

2.

that he committed the murder with Civ.R. 56 evidence of his innocence. . . We concluded that Brown failed to raise a genuine issue of material fact regarding the actual-innocence element of his wrongful-imprisonment claim.

In 2003, while the 2002 case was pending, the legislature amended the definition of "wrongfully imprisoned individual" to apply when "subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release . . ." from prison . . . The error-in-procedure amendment applied to all R.C. 2743.48 cases pending at the time the amendment went into effect . . . Brown did not amend his 2002 complaint to include an error-in-procedure claim.

Over a decade later, in 2015, Brown filed the complaint underlying this appeal (the "2015 case"), in which he once again sought to be declared a wrongfully imprisoned individual. This time, he alleged both that he did not commit the murder and that an error in procedure resulted in his release from prison. The state again moved for summary judgment.

. . . [T]he trial court, on February 9, 2018, granted the state's motion for summary judgment and dismissed the case. In doing so, the trial court found that res judicata barred Brown's claim based on actual innocence. The court noted that Brown conceded that the 2015 case and the 2002 case involved the same parties and arose from the same transaction or occurrence. . . [T]he trial court found, because the error-in-procedure portion of R.C. 2743.48(A) was not in effect when Brown filed the 2002 case, his error-in-procedure claim was not at issue in the 2002 case and, accordingly, was not barred by res judicata. But, the trial court found that the error-in-procedure claim-while not barred by res judicata-was barred by the six-year statute of limitations, which began running in 2003 when the error-in-procedure language of R.C. 2743.48(A) was enacted. Because Brown did not file an error-in-procedure claim before 2009, he was outside of the statute of limitations and his error-in-procedure claim was time barred.

Brown appeal[ed] the trial court's decision, [and] rais[ed] one assignment of error:

The trial court erred in finding Appellant's actual innocence claim barred by res judicata because the dismissal of his prior action was based upon grounds demonstrating a want of subject matter jurisdiction.

. . .

[We] . . . determined that all four elements of res judicata-i.e., a prior valid judgment on the merits, the same parties, the same underlying transaction or occurrence, and claims that were or could have been raised in the prior action-are present in this case, **we conclude[d] that Brown's wrongful-imprisonment claim is barred by res judicata** and the trial court properly dismissed the case. [(Emphasis added.)]

### R.C. 2743.48

{¶ 4} The March 2019 version of R.C. 2743.48 provides in pertinent part:

(A) As used in this section . . . a "wrongfully imprisoned individual" means an individual who satisfies each of the following:
(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony, felony, or misdemeanor.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony, felony, or misdemeanor.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal and all of the following apply:

(a) No criminal proceeding is pending against the individual for any act associated with that conviction.

(b) The prosecuting attorney in the case, within one year after the date of the vacating, dismissal, or reversal, has not sought any further appeal of right or upon leave of court[.]

(c) The prosecuting attorney . . . within one year after the date of the vacating, dismissal, or reversal, has not brought a criminal proceeding against the individual for any act associated with that conviction[.]

(5) Subsequent to sentencing or during or subsequent to imprisonment, an error in procedure was discovered that occurred prior to, during, or after sentencing, that involved a violation of the Brady Rule which violated the individual's rights to a fair trial under the Ohio Constitution or the United States Constitution, and that resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated either that the offense of which the individual was found guilty, including all lesser-included offenses, was not committed by the individual or that no offense was committed by any person. In addition to any other application of the provisions of this division regarding an error in procedure that occurred prior to, during, or after sentencing, as those provisions exist on and after the effective date of this amendment, if an individual had a claim dismissed, has a claim pending, or did not file a claim because the state of the law in effect prior to the effective date of this amendment barred the claim or made the claim appear to be futile, those provisions apply with respect to the individual and the claim and, on or after that effective date, the individual may file a claim and obtain the benefit of those provisions.

## Current Case

**Brown's Complaint**

{¶ 5} On March 28, 2023, Brown filed a complaint in the trial court against the State of Ohio in which he alleged that he was wrongfully convicted and imprisoned for a crime he did not commit. Brown alleged he was wrongfully imprisoned for two decades for aggravated murder before he was released, and he is completely innocent. Brown sought a declaration that he was a wrongfully imprisoned individual under R.C. 2743.48. Brown further alleged that R.C. 2743.48 was amended effective March 22, 2019, and because of the state of the law before this amendment took effect, he had a claim

5.

dismissed or did not file a claim because the state of the law at the relevant time barred the claim or made the claim appear futile.

**State's Motion for Summary Judgment**

{¶ 6} On December 19, 2023, the State of Ohio filed a motion for summary judgment arguing, inter alia, that as a result of the three prior dismissals of Brown's wrongful imprisonment claim, his claim was barred by the doctrine of res judicata. In addition, the State asserted that Brown's claims were barred by his failure to satisfy all of the requirements of R.C. 2743.48(A). The State conceded, for purposes of its summary judgment motion, that Brown satisfied R.C. 2743.48(A)(1)-(3), but the State argued that Brown could not satisfy R.C. 2743.48(A)(4) and (5). Regarding R.C. 2743.48(A)(4), the State submitted that Brown could not satisfy the requirement that his "conviction was vacated, dismissed, or reversed on appeal," because his conviction was affirmed on appeal, but he was subsequently released from custody after his motion for a new trial was granted and the Lucas County prosecuting attorney entered a nolle prosequi. With respect to the actual innocence aspect of R.C. 2743.48(A)(5), the State observed this requirement of a wrongful imprisonment claim has always been included in the statutory language of R.C. 2743.48(A), and Brown's actual innocence was previously litigated between these same parties, adversely to him in 2006, in *Brown*, 2006-Ohio-1393, ¶ 21-26 (6th Dist.). The State maintained that relitigation of the actual innocence issue was barred by collateral estoppel. As to the *Brady* violation aspect of R.C. 2743.48(A)(5), the State claimed the *Brady* rule played no part in Brown's criminal case.

6.

**Brown's Opposition**

{¶ 7} On January 24, 2024, Brown filed a memorandum in opposition. He argued, inter alia, that until the March 2019 amendment of R.C. 2743.48, he could not be declared a wrongfully imprisoned individual, as it was impossible for him to satisfy the statutory requirement of proving no charges could be filed against him. Brown asserted that he did not previously submit an affidavit because he could not meet the requirement under R.C. 2743.48(A)(4), regarding whether any further criminal proceeding can or will be brought against him for any act associated with the original conviction.

{¶ 8} However, effective March 22, 2019, the Ohio Legislature amended the law in part, so under the new law a person could be declared a wrongfully imprisoned individual one year after the conviction was vacated, dismissed, or reversed if the three criteria under R.C. 2743.48(A)(4)(a), (b) and (c) were established. Brown claimed the first three criteria under R.C. 2743.48(A) have never been a problem, as conceded by the State. Brown asserted the State argued that the modifier "on appeal" applies to each of the three possible outcomes of a criminal conviction, but that reading misapplied the statute's plain language and created an absurd result by unduly narrowing the application of this remedial statute. Brown submitted the appellate court in *Lemons v. State*, 2020-Ohio-5619, ¶ 23 (8th Dist.),[1] considered and rejected the type of argument made by the State.

---

[1] The *Lemons* court ruled that Lemon met the new criteria under R.C. 2743.48(A)(5) because the trial court had found that a *Brady* violation occurred. *Id.* at ¶ 59.

7.

{¶ 9} Brown further argued that R.C. 2953.13, entitled "Reversal of Conviction" provides instructions for when "a defendant has been committed to a state correctional institution and the judgment by virtue of which the commitment was made is reversed on appeal[.]" Brown noted there was no mention of a conviction being "vacated" or "dismissed" on appeal. Brown contended that as R.C. Chapter 2953 explained it, when a criminal defendant obtained relief from the court of appeals, the conviction was reversed and when the relief was from the trial court, the conviction was vacated. Brown maintained that a plaintiff satisfied R.C. 2743.48(A)(4) where, as here, a trial court vacated the conviction through a motion for new trial.

{¶ 10} Brown acknowledged that he did not allege an error in procedure claim under R.C. 2743.48(A)(5).

{¶ 11} Brown also argued that res judicata did not bar his case, as the Ohio Supreme Court "ha[s] recognized that res judicata is not to be so rigidly applied 'when fairness and justice would not support it.'" *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. America*, 2023-Ohio-3097, ¶ 18.[2] Brown asserted that claim preclusion did not apply because he could not have alleged a claim under the 2019 version of R.C.

---

[2] The Supreme Court found AJZ's Hauling had a "full and fair opportunity to present" its case in its first lawsuit, and AJZ's Hauling did not supply any facts which showed that TruNorth acted in a manner in the first lawsuit that would merit avoiding the consequences of res judicata in the second lawsuit, so the doctrine of res judicata applied and no exception was warranted. *Id.* at ¶ 20.

8.

2743.48 in his prior cases, and issue preclusion did not apply either as the State could not satisfy the requirement that his actual innocence was actually and necessarily litigated in an earlier case, as two exceptions applied. First, Brown maintained his actual innocence was not actually and necessarily litigated because in the 2002 case, the trial court considered whether he satisfied R.C. 2743.48(A)(4) **and** (5), so the trial court's judgment was not conclusive to either issue standing alone, and his actual innocence was not necessary to resolve his 2002 case. Second, Brown argued the circumstances and justice required allowing him the opportunity now to litigate his innocence.

**Trial Court Judgment**

{¶ 12} On April 23, 2024, the trial court issued its opinion and judgment entry granting the State's motion for summary judgment and dismissing Brown's wrongful imprisonment claim. The court found that Brown's claims have been previously litigated and were barred by res judicata and collateral estoppel.

{¶ 13} The trial court found Brown's actual innocence was litigated and he had a full and fair opportunity, in the 2002 case, to present as much or as little evidence as to his innocence as he deemed fit, but whatever the reason, he did not submit an affidavit of innocence. The trial court noted that in the 2006 appellate decision, which affirmed the judgment rendered in the 2002 case, this court stated "[t]he issues of contention . . . are whether any further criminal proceeding can be brought or will be brought against appellant for any act associated with the original conviction and whether appellant is

9.

actually innocent of the crime of which he was convicted [under R.C. 2743.48(A)(4) and (5), respectively.]" *Brown*, 2006-Ohio-1393, at ¶ 22 (6th Dist.)

{¶ 14} The trial court further observed that in the 2019 appellate decision, this court affirmed the trial court's decision in the 2015 case "that the 2002 judgment was a valid, final judgment," and concluded that Brown's 2015 actual innocence claim under R.C. 2743.48(A)(5) was barred by res judicata, stating "[t]here is no injustice in requiring a plaintiff to 'avail himself of all available grounds for relief in the first proceeding.'" *Brown*, 2019-Ohio-4376, at ¶ 31, 39 (6th Dist.).

{¶ 15} The trial court recognized that Brown does not now allege there was a *Brady* violation leading to an error in procedure, as allowed under the 2019 version of R.C. 2743.48(A)(5).

{¶ 16} With respect to the 2019 version of R.C. 2743.48(A)(4) and whether Brown's conviction was vacated, dismissed, or reversed, the trial court found this issue was addressed in the 2006 appellate case, when this court ruled that Brown "was convicted of a felony, was sentenced for that conviction, and the conviction was vacated upon the filing of a motion for a new trial." *Brown*, 2006-Ohio-1393, at ¶ 22 (6th Dist.).

{¶ 17} The trial court specifically found that the 2019 amendment to R.C. 2743.48 "does not open the door for [Brown] to litigate the issue of actual innocence because there has not been a *Brady* violation alleged."

**Brown's Assignment of Error**

{¶ 18} Brown argues the trial court erred in granting the State's motion for summary judgment based on res judicata. He asserts claim preclusion cannot bar his current action because it was legally impossible to litigate his wrongful conviction claim until 2019. He also contends that issue preclusion cannot bar this current action as his actual innocence was not essential to any prior judgment, and this action is the very first time his actual innocence is the only issue, standing independently, left to be determined.

{¶ 19} Brown cites to *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 201 (1983), for the proposition that "an absolute due process prerequisite to the application of collateral estoppel is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action."[3] Brown contends "[t]o determine whether an issue is 'essential to a judgment,' the Ohio Supreme Court relies on Section 27 of the Restatement of the Law 2d, Judgments[, Section 27, Comments h and i (1982)] . . .

---

[3] *Goodson* addressed the issue of mutuality of parties in the application of collateral estoppel. Goodson sued the manufacturer of a lawn mower alleging, inter alia, negligent design. Goodson was granted partial summary judgment on the basis that collateral estoppel principles precluded the relitigation of liability issues, based on another party's lawsuit against the lawn mower manufacturer arising out of a separate incident. The Supreme Court noted that "[f]or all practical purposes, the mutuality rule is coextensive with the requirement that the plea of res judicata is available only to a party to the judgment and to his privies." *Id.* at 196. The court ruled that "nonmutual collateral estoppel may not be used to preclude the relitigation of design issues relating to mass-produced products when the injuries arise out of distinct underlying incidents." *Id.* at 204. This case did not refer to or speak to the "essential to the judgment" issue.

11.

[which] . . . provides that a judgment supported by two independent issues does not preclude relitigating either issue standing alone . . . 'If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone.'"[4]

{¶ 20} Brown asserts that even if his innocence had been actually litigated, directly determined, and essential to a prior judgment, fundamental fairness and public interest warrant relitigation of the issue. He claims "'res judicata is not a shield to protect the blameworthy,'" *Davis v. WalMart Stores, Inc.*, 93 Ohio St.3d 488, 491 (2001), and "'is not to be so rigidly applied when fairness and justice would not support it. . . . The doctrine should be qualified or rejected when its application would contravene an overriding public policy or result in a manifest injustice.'" *AJZ's Hauling*, 2023-Ohio-3097, at ¶ 18. Brown submits he did not have an opportunity to obtain a full and fair adjudication of his actual innocence because his wrongful imprisonment claim was legally impossible in the 2002 case, his evidence of actual innocence was not given a full and fair opportunity to be heard, and the public has a strong interest in allowing people who have been wrongfully imprisoned to seek relief, since a foundation of our justice system is that innocent individuals are not wrongfully imprisoned.

---

[4] This section of the Restatement was not cited by the Supreme Court in *Goodson*.

12.

**Motion for Summary Judgment/Standard of Review**

**{¶ 21}** A court may grant summary judgment to a party when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

**{¶ 22}** The burden of showing that no genuine issue of material fact exists falls on the moving party. *Dresher v. Burt*, 75 Ohio St.3d 280, 294 (1996). If the moving party satisfies its burden by supporting its motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

**{¶ 23}** This court's review of cases involving a grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). De novo review means that this court uses the same standard that the trial court should have used, and we make an independent examination of the record to determine if, as a matter of law, genuine issues of material fact exist for trial. *Dupler v. Mansfield Journal Co., Inc.*, 64 Ohio St.2d 116, 119-120 (1980).

13.

**Law**

**Res Judicata**

{¶ 24} "The doctrine of res judicata involves both claim preclusion . . . and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). *See also AJZ's Hauling*, 2023-Ohio-3097, at ¶ 16.

{¶ 25} The doctrine provides that a final judgment rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent actions on the same claims between the same parties or those in privity. *Brooks v. Kelly*, 2015-Ohio-2805, ¶ 7. *See also AJZ's Hauling* at ¶ 15.

{¶ 26} Claim preclusion has four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the first action. *Lycan v. Cleveland*, 2022-Ohio-4676, ¶ 23, citing *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

{¶ 27} Issue preclusion (collateral estoppel) prevents parties from relitigating facts and issues in a second action which were fully litigated in a prior action. *AJZ's Hauling* at ¶ 16, citing *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

**Analysis**

{¶ 28} To qualify as a wrongfully imprisoned individual under R.C. 2743.48(A), all five requirements set forth in R.C. 2743.48(A)(1) - (5) must be established. The

14.

record shows the parties do not dispute that Brown satisfies the first three requirements of R.C. 2743.48(A), as he was convicted of a felony, sentenced for that conviction, and the conviction was vacated. Thus, in dispute is whether Brown can satisfy **both** R.C. 2743.48(A)(4) and (5). We find that Brown cannot satisfy R.C. 2743.48(A)(5), the actual innocence requirement, because this issue was already litigated and decided adversely to him. *See Brown*, 2006-Ohio-1393, at ¶ 24-25 (6th Dist.). Notwithstanding, Brown again raised the issue of his actual innocence in his 2015 trial court case, but the trial court ruled the issue was barred by res judicata, which this court affirmed in *Brown*, 2019-Ohio-4376, at ¶ 36, 40 (6th Dist.), noting that all four elements of res judicata (prior valid judgment on the merits, same parties, the same underlying occurrence, and claims that were or could have been raised in the prior action) were present. Now, we once more find that the issue of Brown's actual innocence is barred from relitigation by res judicata.

{¶ 29} With respect to Brown's argument that res judicata/collateral estoppel should not apply because fundamental fairness and public interest warrant relitigation of the actual innocence issue, we note this argument was previously raised by Brown, and rejected in *Brown*, 2019-Ohio-4376, at ¶ 37-39 (6th Dist.). We reject this argument again. Lastly, as to Brown's assertion that the prior judgment was not conclusive as to his actual innocence because that issue was not essential since that judgment was supported by two independent bases, we find no merit in this assertion. Brown's actual innocence was essential in the litigation of his original wrongful imprisonment action in 2002, as actual

innocence was a necessary requirement of an R.C. 2743.48 claim then, and now. Therefore, relitigation of Brown's actual innocence is barred by collateral estoppel.

{¶ 30} Having found that Brown's wrongful imprisonment action is barred by res judicata/collateral estoppel, we conclude the trial court did not err in granting summary judgment to the State. Accordingly, we find Brown's assignment of error not well-taken.

{¶ 31} The April 23, 2024 judgment of the Lucas County Court of Common Pleas is affirmed. Brown is ordered to pay the costs of this appeal, pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.     _____
                   JUDGE
Christine E. Mayle, J.   

Myron C. Duhart, J.     _____
CONCUR.               JUDGE

_____
               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.